IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSSI M. POTTS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 04-1856 (RMU) |
| HOWARD UNIVERSITY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FIRST REQUEST OF DEFENDANT HOWARD UNIVERSITY FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF ROSSI M. POTTS

Defendant Howard University ("Howard University" or "Defendant"), by and through its undersigned attorneys, serves the following Request for Production of Documents upon Plaintiff Rossi M. Potts ("Potts" or "Plaintiff"), in accordance with Rule 34 of the Federal Rules of Civil Procedure, and directs Plaintiff to comply with this request by producing the requested documents at the law offices of Ballard Spahr Andrews & Ingersoll, LLP, 300 East Lombard Street, 18th Floor, Baltimore, Maryland 21202, within thirty (30) days.

### DEFINITIONS AND INSTRUCTIONS

1. "Relate to," including all of its various forms such as "relating to" or "relates to," shall mean consist of, referred to, reflect or be in any way logically or factually connected with the matter discussed.

2. "Person" means the singular and plural of any natural individual, partnership (limited or general), joint venture, corporation, association, committee, agency or other legal entity, including representatives of such person.

MD_DOCS_A #1261503 v1



3.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request for production of documents, any information that might otherwise be construed to be outside its scope.

4.      When knowledge or information in possession of a party is requested, such request includes the knowledge of the party's agents, representatives, experts, persons consulted concerning any factual matters, or matters of opinion relating to any of the facts or issues involved in this action and, unless privileged, the party's attorneys.

5.      This Request for Production of Documents shall be deemed continuing. If additional facts, documents, information or witnesses become known to you, supplementary responses must be served on counsel for Plaintiff Howard University.

6.      Whenever a request seeks the production of an item or document which no longer exists or is altered, the response shall state the date of the alteration, the reason for its non-existence or alteration, the identity of each and every person who altered or repaired, participated in, ordered or suggested the alteration or repair of the item or document.

7.      With respect to the production of any documents which are claimed to be privileged, provide a statement setting forth as to each such document:

    (a)     the name of the sender, if any, of the document;

    (b)     the name of the author or creator of the document;

    (c)     the name of the person(s), if any, to whom copies of the documents were sent;

    (d)     the date of the document;

    (e)     the date on which the document was received by those having possession of the document;

(f) a brief description of the subject matter of the document; and

(g) the statute, rule or decision which is claimed to give rise to the privilege.

8. The term "you," "your," or "Defendant" shall mean and refer to Defendant Howard University and any other person(s) acting or purporting to act on behalf of Defendant, including, but not limited to, his attorneys, family members, experts, consultants, employees or agents.

9. As used herein, the terms "concern," "concerning," "relate" or "relating to" mean compromising, concerning, constituting, containing, describing, disclosing, discussing, evidencing, explaining, involving, pertaining to, referring to, relating to, setting forth, showing or symbolizing.

10. "Document" means or refers to any writing, record, or graphic material of every kind or description however produced or reproduced, whether draft or final, original or reproduction, including but not limited to, writings, drawings, charts, letters, envelopes, contracts, electronic or e-mail, telephone message slips, telephone logs, telephone bills, agreements, memoranda, telegrams, telexes, cables, messages, notes, reports, forms, inter-office communications, intra-office communications, appointment books, appointment logs, desk calendars, diaries, checks, drafts, wire transfers, transmittal authorizations, bank statements, ledgers, journals, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, travel vouchers, promotional materials, lists, notebooks, computer print-outs, electronically or magnetically recorded or stored data, microfilm, microfiche, photographs, tape recordings, transcripts, minutes, affidavits, opinions, signed statements, summaries notices, books, articles, newspapers, charts, magazines, napkins, menus and all other documentary material including

non-identical copies (whether different from the original because of any alterations, notes, comments or other material contained therein or attached thereto or otherwise), and drafts, whether used or not. The term "documents)" includes all documents responsive to an interrogatory, regardless of whether or not the document(s) still exists, and regardless of who has maintained custody of such document(s).

11. The terms "communicate" and "communication" refer to every manner or means of disclosure or transfer or exchange of information whether orally or by document and whether face to face, by telephone, mail, telexes, meetings, discussions, releases, personal delivery or any other means of imparting or exchanging information.

12. As used herein, the term "constitute," "evidence," "discuss," "refer" or "relate to" shall mean relate, constitute, refer, concern, pertain to, summarize, analyze or hi any way logically or factually connected with the matter described in this request.

13. Whenever a request seeks the production of a document which has been destroyed, the response should state the date of destruction, the reason for destruction, the identity of each and every person who destroyed or discarded, or participated in, ordered, or suggested the destruction or discarding of the document. In addition the response should state whether the documents were destroyed as a result of a destruction policy, and if so, a description of such policy.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents which reflect, refer or relate to written, recorded or oral statements obtained by you concerning the subject matter of this lawsuit.

**REQUEST NO. 2:** All documents or reports prepared by any person you intend to call as an expert witness in the trial of this case.

**REQUEST NO. 3:** The resume and/or *curriculum vitae* of all persons you intend to call as an expert witness in the trial of this case.

**REQUEST NO. 4:** All documents or other data furnished to any person you intend to call as an expert witness in the trial of this case (whether or not the expert relied upon such documents in reaching an opinion).

**REQUEST NO. 5:** All documents which any person you intend to call as an expert witness in the trial of this case prepared an/or relied upon in reaching his or her opinion(s).

**REQUEST NO. 6:** All documents which reflect, relate or evidence any communications made by Howard University or its agent(s) or employee(s) that you believe support or establish your claims in this action.

**REQUEST NO. 7:** All documents which reflect, refer or relate to each item of damages that you are claiming in this litigation and the precise calculation of those damages.

**REQUEST NO. 8:** All documents which reflect, refer or relate to any non-privileged communication between you and any other individual, regardless of who generated the communication, which relates to the subject matter of this litigation.

**REQUEST NO. 9:** All documents which reflect, refer or relate to any non-privileged communications made to anyone regarding the subject matter of this litigation.

**REQUEST NO. 10:** Any and all photographs, videotapes or audio tapes regarding the subject matter of this litigation.

**REQUEST NO. 11:** All federal, state and local tax returns for the years 1991 to present.

**REQUEST NO. 12:** All documents that support, relate or refer to your contention that Defendant acted in such a way that would cause you to experience a pattern of gender discrimination or any violation of Title VII of the Civil Rights Act of 1964, the District of Columbia Human Rights Act, or any other local, state or federal law, that ultimately resulting in the denial of promotion or any other adverse employment action.

**REQUEST NO. 13:** All documents that support, relate or refer to your contention that Defendant has violated the Equal Pay Act.

**REQUEST NO. 14:** All documents that support, relate or refer to your contention that you are a member of a protected class.

**REQUEST NO. 15:** All documents that support, relate or refer to your contention that you were, at any time relevant to this lawsuit, engaged in a protected activity.

**REQUEST NO. 16:** All documents that support, relate or refer to your contention that the Defendant worked to "disadvantage the Plaintiff's protected activities and class."

**REQUEST NO. 17:** All documents that support, relate or refer to your contention that Defendant acted in such a manner to cause a violation of your rights under the Civil Rights Act of 1991.

**REQUEST NO. 18:** All documents that support, relate or refer to your contention that Defendant deprived you of "employment rights."

**REQUEST NO. 19:** All documents that support, relate or refer to your contention that Defendant breached its contract with Local 2094 of the American Federation of State, County and Municipal Employees.

**REQUEST NO. 20:** All documents that support, relate or refer to any actions taken by any person in response to any alleged breach by Defendant of its contract with Local 2094 of the American Federation of State, County and Municipal Employees.

**REQUEST NO. 21:** All documents that support, relate or refer to your contention that Local 2094 of the American Federation of State, County and Municipal Employees wrongfully refused to process any grievance brought by you or in any way breached its duty to you of fair representation.

**REQUEST NO. 22:** All documents that evidence your education, professional training, employment history or current employment.

**REQUEST NO. 23:** All documents identified in your answers to interrogatories propounded by Howard University.

**REQUEST NO. 24:** All documents not produced in response to a prior request, that evidences, relates to, or refers to any allegation alleged in the Complaint, the Answer of Howard University or any fact relevant to any claim or defense asserted in this action.

Respectfully submitted,

*Timothy F. McCormack /JEK*
Timothy F. McCormack
Bar No. 385025
Jennifer E. Keyser

Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland 21202
Telephone: (410) 528-5600
Facsimile: (410) 528-5650

Attorneys for Defendant Howard University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2005, a copy of the foregoing was mailed, first-class, postage prepaid, to:

> Rossi M. Potts
> 14124 Bishop Claggett Court
> Upper Marlboro, Maryland 20772

*Timothy F. McCormack /JEK*
Timothy F. McCormack

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSSI M. POTTS, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: 04-1856 (RMU) |
| HOWARD UNIVERSITY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE REGARDING DISCOVERY**

I HEREBY CERTIFY that on this 13th day of July, 2005, a copy of Howard University's First Set of Interrogatories was mailed first-class, postage prepaid to Rossi M. Potts, 14124 Bishop Claggett Court, Upper Marlboro, Maryland 20772, and that I will retain the original of these documents in my possession, without alteration until the case is concluded, the time for noting an appeal has expired, and my appeal noted has been decided.

Timothy F. McCormack / JEK
Timothy F. McCormack
Bar No. 385025
Jennifer E. Keyser

Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland 21202
Telephone: (410) 528-5600
Facsimile: (410) 528-5650

Attorneys for Defendant Howard University

MD_DOCS_A #1261503 v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2005, a copy of the foregoing was mailed, first-class, postage prepaid, to:

> Rossi M. Potts
> 14124 Bishop Claggett Court
> Upper Marlboro, Maryland 20772

_____
Timothy F. McCormack