G. In the event of uncertainty between Howard University and the Department of Health, Education, and Welfare as to the comparison of rights and benefits accorded by the University with those generally applicable, on the effective date of transfer, to civilian employees of the United States, the University and the Department will consult the United States Civil Service Commission, and, as appropriate, will inform employees of such consultation.

H. It is understood to be the intention of Howard University, although without any obligation under this agreement, to keep pace as far as practicable with future improvements in pay and other benefits made generally applicable, after the effective date of transfer, to civilian employees of the United States; and the intention of the Secretary, in accord with established policies of the Executive Branch and the Congress, to take appropriate action to assist Howard University in accomplishing this purpose.

IN WITNESS WHEREOF, the parties here to have executed this agreement as of the 11th day of July, 1962.

<u>Signed-Abraham Ribicoff</u>
Secretary of Health, Education, and Welfare
Board of Trustees of Howard University

By    <u>Signed-James M. Nabrit, Jr.</u>
James M. Nabrit, Jr.
President of Howard University

<u>Attest-Signed-G. Frederick Stanton</u>
Secretary of Howard University

APPENDIX B
SUPPLEMENT TO AGREEMENT
between
HOWARD UNIVERSITY
and the
SECRETARY OF HEALTH, EDUCATION, AND WELFARE
for the
TRANSFER OF FREEDMEN'S HOSPITAL

WHEREAS, the Secretary of Health, Education, and Welfare and the Board of Trustees of Howard University executed an Agreement as of July 11, 1962 for the transfer of Freedmen's Hospital to Howard University; and

WHEREAS, the parties have agreed to effect the said transfer on July 1, 1967; and

WHEREAS, benefits applicable to civilian employees of the United States have been enacted into law subsequent to the date of the original Agreement and are not reflected in said Agreement; and

WHEREAS, the parties desire to supplement the said Agreement as hereinafter provided;

NOW THEREFORE, the Secretary of Health, Education, and Welfare and the Board of Trustees of Howard University agree to supplement the Agreement of July 11, 1962 as follows:

1. The effective date of the transfer of Freedmen's Hospital to Howard University is July 1, 1967. Part III of the Agreement is hereby superseded.

2. The following revisions are made in Part IV, Section E of the Agreement:

   a. Paragraph 6 is revised to read as follows:

   6. Annual leave. The University will continue for transferees the annual leave provisions applicable to them on the day preceding the effective date of transfer, counting equally (a) service credited to the transferees before the effective date of transfer for purposes of determining their rate of accrual of annual leave, and (b) service at Howard University. The University will accept for subsequent use as may be authorized by the Superintendent of the Hospital, the annual leave balance of each transferee in excess of the statutory maximum accrued by such transferee.

   b. Paragraph 9 is revised to read as follows:

   9. Hours of duty and compensation for overtime, night and holiday duty, work on Sunday, and irregular or intermittent duty involving unusual physical hardship or hazards. The University will continue for transferees the provisions applicable to them on the day preceding the effective date of transfer, with respect to hours of duty and compensation for overtime, night, standby, holiday duty, Sunday work, and irregular or intermittent duty involving unusual physical hardship or hazard.

   c. Paragraph 18 is renumbered as 19, and a new paragraph 18 is added as follows:

   18. Severance Pay. The University will provide for transferees the severance pay benefits applicable to them on the day preceding the effective date of transfer.

3. Part V, Section A of the Agreement is revised to read as follows:

A. Transfer of records. All records and files belonging to Freedmen's Hospital will be transferred to Howard University except the following which will be retained by the Government of the United States and disposed of in accordance with applicable law or regulation:

(1) Official Personnel Folder for each employee;

(2) Reduction in force record effective on or after May 1, 1966;

(3) Individual Retirement Record for each employee; SF 2806;

(4) Service Record Card for employees separated from active duty before December 31, 1947;

(5) Results of National Agency Checks;

(6) Confidential Statements of Employment and Financial Interest, Form HEW 473;

(7) Statistical reports relating to personnel;

(8) Fiscal and Accounting Records of the General Accounting Office including vouchers, general and allotment ledgers and all supporting documents;

(9) Time and Attendance Reports, Form HEW 402T, or equivalent; and

(10) Historical correspondence records of the Superintendent's Office, 1927-1950.

Upon request of the University, information form, or copies of, the retained records will be furnished free of charge to the University in lieu of the original records and files. After transfer, the University will make available to the Government of the United States any of the transferred records and files, or will furnish free of charge, information necessary for purposes of the Government of the United States for the following period of time:

(a) Clinical records of inpatients-25 years after discharge of patient or 2 years from date of transfer, whichever is later.

(b) Clinical records of outpatients-10 years after final treatment or 2 years from date of transfer, whichever is later.

(c) X-ray films of patients (other than dental x-ray)-5 years or 2 years from date of transfer, whichever is later.

(d) Pharmacy operation annual summary-5 years or 2 years from date of transfer, whichever is later.

(e) All other records-2 years from date of transfer.

Any of the records designated above for retention by the Government of the United States which are temporarily required for the conduct of business at Freedmen's Hospital will be in the legal custody of the Chief, Personnel Management Branch, Bureau of Health Service, Public Health Service personnel records, or in the custody of the Chief Fiscal Officer of the Public Health Service (fiscal and accounting records). The period of temporary use at Freedmen's Hospital shall not exceed two years from the date of transfer.

IN WITNESS WHEREOF, the parties hereto have executed this supplemental agreement as of the 3rd day of August, 1967.

<u>Signed-Abraham Ribicoff</u>
Secretary of Health, Education, and Welfare
Board of Trustees of Howard University

By   <u>Signed-James M. Nabrit, Jr.</u>
James M. Nabrit, Jr.
President of Howard University

<u>Attest-Signed-G. Frederick Stanton</u>
Secretary of Howard University



## Appendix C-1

1. YEAR 1991 - 1992 - RETRO AS OF 10/01/91 - NON-ANNUALIZING, LUMP-SUM

| PERFORMANCE RATING | COLA | COLA | PROGRESSION POINT (ONE) | PERFORMANCE BONUS (LUMP-SUM) | TOTAL OF ALL % INCREASES |
|---|---|---|---|---|---|
| | DEC. 91 | APR. 92 | | | 1.50% |

2. YEAR 1992 - 1993

| | | | | | |
|---|---|---|---|---|---|
| EXCELLENT | 1.00% | 1.00% | 2.00% | 2.00% | 8.00% |
| ABOVE AVERAGE | 1.00% | 1.00% | 2.00% | 1.00% | 5.00% |
| SATISFACTORY | 1.00% | 1.00% | 2.00% | 0.00% | 4.00% |

3. YEAR 1993 - 1994

| | (OCT. 93) | | | | |
|---|---|---|---|---|---|
| EXCELLENT | | 2.00% | 2.00% | 2.00% | 6.00% |
| ABOVE AVERAGE | | 2.00% | 2.00% | 1.00% | 5.00% |
| SATISFACTORY | | 2.00% | 2.00% | 0.00% | 4.00% |

4. YEAR 1994 - 1995

| | (OCT. 94) | | | | |
|---|---|---|---|---|---|
| EXCELLENT | | 2.50% | 2.50% | 2.00% | 6.50% |
| ABOVE AVERAGE | | 2.50% | 2.00% | 1.00% | 5.50% |
| SATISFACTORY | | 2.50% | 2.00% | 0.00% | 4.50% |

NOTE: EMPLOYEES IN A WAITING PERIOD WHO RECEIVE AN EXCELLENT OR ABOVE AVERAGE RATING WILL BE ELIGIBLE TO RECEIVE THE APPROPRIATE PERFORMANCE BONUS.

## Appendix C-2

EXAMPLE: GRADE 5, SCALE - A

| GRADE | CURRENT STEP | ANNUAL SALARY |
|---|---|---|
| 5 | 1 | $16,510 |
| 5 | 2 | $17,170 |
| 5 | 3 | $17,857 |
| 5 | 4 | $18,572 |
| 5 | 5 | $19,314 |
| 5 | 6 | $20,087 |
| 5 | 7 | $20,890 |
| 5 | 8 | $21,726 |
| 5 | 9 | $22,595 |
| 5 | 10 | $23,499 |
| 5 | 11 | $24,439 |
| 5 | 12 | $25,416 |

| GRADE | NEW CONTRACT PROGRESSION POINT | ANNUAL SALARY |
|---|---|---|
| 5 | 1 | $16,510 |
| 5 | 2 | $16,840 |
| 5 | 3 | $17,170 |
| 5 | 4 * | $17,513 |
| 5 | 5 | $17,857 |
| 5 | 6 * | $18,214 |
| 5 | 7 | $18,572 |
| 5 | 8 * | $18,943 |
| 5 | 9 | $19,314 |
| 5 | 10 * | $19,701 |
| 5 | 11 | $20,087 |
| 5 | 12 * | $20,489 |
| 5 | 13 | $20,890 |
| 5 | 14 * | $21,308 |
| 5 | 15 | $21,726 |
| 5 | 16 * | $22,161 |
| 5 | 17 | $22,595 |
| 5 | 18 * | $23,047 |
| 5 | 19 | $23,499 |
| 5 | 20 * | $23,969 |
| 5 | 21 | $24,439 |
| 5 | 22 * | $24,928 |
| 5 | 23 | $25,416 |

* PROGRESSION POINTS CREATED AT MID-POINT OF CURRENT STEPS

74