

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ROSSI M. POTTS**
**14124 Bishop Claggett Court**
**Upper Marlboro, MD. 20772**

        **Plaintiff,**

**v.**

**HOWARD UNIVERSITY**
**2041 Georgia Avenue, N.W.**
**Washington, DC 20060**

        **Defendant,**

        **(Consolidated)**
        **Civil Action Numbers**
        **Judges: RMU/DAR**

**1:04-CV-1868** 56
**1:04-CV-2103**
**1:05-CV-1317**
**1:05-CV-1929**

---

## CONSOLIDATED AMENDED COMPLAINT

### PARTIES

1. The Plaintiff is an individual residing at 14124 Bishop Claggett Court, Upper Marlboro, Maryland 20772. He recently was, and at all times pertinent hereto was, an employee of the Defendant, Howard University Hospital.

2. The Defendant Howard University, located at 2041 Georgia Avenue, NW, Washington, DC. 20060.

RECEIVED

MAR 2 1 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## JURISDICTION

3. This court has jurisdiction pursuant to, **Title VII of the Civil Rights Act of 1964,
   The Civil Rights Act of 1991, and The Equal Pay Act of 1963 (EPA), Title 38,
   U.S.C. Chapter 43, Subchapter I, II, III, IV, Common Law, Local and/or
   State Laws, such as DCMR's, DCHRA, Public Law, Constitutional Rights,
   Fundamental Rights, Worker Economic Opportunity Act of 2000,
   Labor Management Relations Act, Labor Management Reporting and
   Disclosure Procedure Act of 1959, National Labor Relations Act, Subchapter
   III -Conciliation of Labor Disputes; National Emergencies, Subchapter IV
   -Liabilities of & Restrictions on Labor & Management, Norris-LaGuardia
   Act, Uniform Services Employment and Reemployment Rights Act, Uniform
   Deceptive Trade Practice Act, and/or Deceptive Business Practice Act (Wash
   D.C.), Robinson-Patman Act, Labor Law and/or Codes, Public Policy, The
   Fair Trade Act of 1973, The Competition Act of 1998, Wrongful Termination
   and/or violations of Public Policy, Breach of contracts and/or under Title
   11, Antitrust Civil Process Act, Sherman Act, Civil Rico Act, Fraud/Defraud,
   Titles 15, 18, 28, U.S.C.A, and Title 29 U.S.C., Retaliation under any and/or
   all of the above jurisdictions.**

2

## COUNT 1
## INTENTIONAL DICRIMINATION (SEX)

1. **Under Title VII Civil Rights Act of 1964,** Plaintiff claims to have been

   discriminated under at least three known counts.

   The first count of Discrimination is of his class as a male (sex/gender).

   The second count of Discrimination is of his wages/compensation.

   The third count of Discrimination is for applying different working terms,

   conditions, standards, and/or privileges of employment on men and women.

2. Plaintiff claims that Defendant discriminated by employing an unlawful adoptive

   system to disadvantage his class and activities.  Plaintiff claims that Defendant's

   unlawful employment practice was inherently reprehensibly malice with reckless

   intentions to monopolize the hiring process; and obstructive to the U.S. EEOC

   and DCOHR administration process/interrogatories, as well as being corruptive

   to the already established hiring methods of the Collective Bargaining Agreement

   intentionally.

3. Plaintiff claims that the Defendant engaged into an unlawful employment

   practice under **Title VII, Codified Sections, Section 2000e-2., Unlawful**

   **employment practices, (section, 703), (a), (c), (h), (m), Section 2000e-3.,**

   **Other unlawful employment practices, (section, 704), (a).**

Section 2000e-5., Enforcement provisions (section 706),(a), (f),

and (g), Section 2000e-6., Civil actions by the Attorney General (section 707),

(a), (b), (c), (e), Section 2000e-7., Effects on State laws (section 708),

Section 2000e-8 Investigations (section 709), (b), Section 2000e-9

[PL 88-352 710] [section 710] Conduct of Hearings and Investigations

Pursuant to Section 161 of Title 29, Section 2000e-11., Veterans' special

rights or preference (section 712), Section 2000e-12., Regulations;

conformity of regulations with administrative procedure provisions; reliance

on interpretations and instructions of commission (section 713),

Section 2000e-16., Employment by Federal Government (section 717), (a),

(b), (c), (d), (e).

Section 2000e-2(a), Employer practices, Plaintiff claims that Defendant

discriminated against his federally protected class and activities with respect to

compensation, terms, conditions, and/or privileges of employment because of his

sex/gender as a male.  Plaintiff claims that the Defendant's employment practices

limits, segregates, and/or classifies his employment and other applicants in a way

which have deprived and/or tend to deprive him of the enjoyment of employment

opportunities or otherwise have adverse affects on his status as a cardiac

sonographer which, stigmatizes his reputation and future employment.

4

**(c), Labor organization practices**, Plaintiff claims that the local labor union 2094, had a fiduciary duty to Plaintiff that was breached by personal tort and/or dignatory tort. Plaintiff claims that by doing so it, limited, segregated, and/or classified Plaintiff's membership in away that deprived and/or tends to deprive him of individual employment opportunities that cause and/or tends to cause or attempt to cause an employer to discriminate against an individual in violation of this section. However, Plaintiff also believe that local union abide into the Defendant's deceptive adopted system, which lead to tortious interference with contractual relations thus, leading to tortious interference with prospective advantage that stigmatized Plaintiff's reputation and future employment. Plaintiff's belief is that under the above torts, Defendant abridged to establish an unlawful employment monopoly that undermines public policy and employment practices. Plaintiff claims that Defendant's deceptive adopted employment system is corruptive in the practice of employment and in the eye of the public, it undermines public law and it deprives Plaintiff of his constitutional and fundamental personal rights under the Fourteenth Amendment Due Process Clause at state and/or Wash. D.C., level and Fifth Amendment Due Process Clause at Federal level, for both state and federal government litigations and/or argument.

5

**(h), Seniority or merit system; quantity or quality of production; ability test; compensation based on sex and authorized by minimum wage provisions,** Plaintiff claims that Defendant have and/or had a bona fide seniority system established by the labor organization local union 2094, Collective Bargaining Agreement during his tenure. Plaintiff claims that the Defendant and local union have participated in unlawful employment practices that tends to apply different standards of compensation, and/or different terms, conditions, or privileges of employment pursuant to a bona fide seniority system, which result in intentional discrimination because of nepotism and/or favoritism of sex/gender, among other unlawful reasons.

**(m), Impermissible consideration of race, color, religion, sex, or religion, sex, or national origin in employment practices,** Except as otherwise provide in this title, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even through other factors also motivated the practice.

Under, **Title VII, 2000e-3. Other unlawful employment practices (section, 704), (a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings,** It shall be an unlawful employment practice for an employer to discriminate against any of his employees or

6

applicants for employment, for an employment agency, or joint labor

-management committee controlling apprenticeship or other training or

\ retraining, including on-the-job training programs, to discriminate against any

individual, or for a labor organization to discriminate against any member thereof

or applicant for membership, because he has opposed any unlawful employment

practice made by this title, or because he has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under this

title. **Note: General Release, CA No. 03525-99, charge attempt by notice of**

**Retainer Agreement, early pattern of pay discrepancies to be discussed.**

**Under Title VII, Civil Rights Act of 1964 and Under Title 38 U.S.C.,**

**Chapter 43 Subchapters I, II, III, IV,** Plaintiff will make an attempt to seek

counsel from the **U.S. Attorney General** in collaboration with other United

States Departments such as DOL, EEOC, and DOJ, if warranted to pursue

violations of the **Civil Rights Act of 1964, Title VII,** and among other unlawful

violations with the causal connections in this consolidated amended complaint.

The district courts of the United States shall have and shall exercise jurisdiction

of proceedings instituted pursuant to this section, and in any such proceeding the

Attorney General may file with the clerk of such court a request that a court of

three judges be convened to hear and determine the case,  Such request by the

7

Attorney General shall be accompanied by a certificate that, in his opinion, the case is of general public importance and necessary to secure substantial justice, which function of certificate may not be delegated . A copy of the certificate and request for a three-judge court shall be immediately furnished by such clerk to the chief judge of the circuit (or in his absence, the presiding circuit judge of the circuit) in which the case is pending.  Plaintiff claims of conspiracy against his constitutional rights and the laws of the U.S., that is his Federally protected activities which, have been compromised and/or deprived from him, by the state (DCOHR) and federal (U.S. EEOC), governments administration process because of Defendant's deceptive adopted system to disadvantage his protected activities/rights and laws of the U.S..  Plaintiff was in opposition to Defendant's responses to interrogatories that was obstructing to Plaintiff's reputation and/or to the interrogatories of the administration process, during state and federal joint administration investigations and/or interrogatories.  Plaintiff requests for any subsequent civil and/or criminal violations to be redress for relief in regards to obstruction of the joint administration process investigations if noted in any way by this court and/or related Common Law, Local and/or State Laws, such as DCHRA, Public Law, by venue of estoppel, judicial estoppel, collateral estoppel, estoppel by silence, equitable estoppel, quasi-estoppel, and estoppel certificate from U.S. Attorney General, if in his opinion that fundamental rights have been violated, and/or any constitutional rights are found unconstitutional.  Plaintiff claims that in his opinion, the case is of general public interest and/or importance.

8

4. **Under Civil Rights Act of 1991.**

Plaintiff claims to have been discriminated under at least five known counts of intentional discrimination among other unlawful violations intentionally to disadvantage his class, sex/gender, wages/compensation, seniority system, terms, conditions, and enjoyment of employment opportunities/privileges of contractual relationship, and membership as a U.S. Armed Forces Uniformed Service participant. Plaintiff claims that he was discriminated by an adoptive system to disadvantage his class and activity. Plaintiff claims that it was malice with reckless intention to monopolize the hiring process and obstructive to the already established hiring methods. Plaintiff challenges Defendant's unlawful practices, **Under Civil Rights Act of 1991, Under Title I Federal Civil Rights Remedies Section 102., Damages in cases of intentional Discrimination, and Section 112., Expansion of Rights to Challenge Discriminatory Seniority System.**

5. **Under the Fair Labor Standards Act of 1938,** Plaintiff claims to have been discriminated under this title, pursuant to all labor complaints in this lawsuit by Defendant's, and in pursuant to correct and as rapidly as practicable to eliminate unfair employment practices and/or conditions in such industries without substantially curtailing employment or earning power. Plaintiff claims that this court is granted jurisdiction to make any money judgment against a labor organization as an entity and against its assets, Under Title 29, U.S.C., Section 185(sec. 301),and 187(sec.303), Subchapter IV-Liabilities of & Restrictions on Labor & Management.

**Under Title 29 U.S.C., Section 206., Minimum Wage (6), (d), Prohibition of sex Discrimination, Section 204., Administration (section 4), Section 209., Attendance of witnesses (section 9), Section 210., Court review of wage order under Section 208., ( section 10), Section 217., Injunction proceedings (section 17), Section 218., Relation to other laws (section), Section 219., Separability(All), and Section 202., Congressional finding and declaration of Policy.**

Plaintiff claims that he was discriminated by an adoptive system that disadvantage his reputation and future reputation, class, activity, wages/compensation, and future wages/compensation. Plaintiff claims that it was malice with reckless intent to monopolize the hiring process and obstructive to the already established hiring methods.

10

## COUNT 2
## RETALIATION

1. 1st, **Under Title VII Civil Rights Act of 1964/ District of Columbia Human Rights Act, and 2nd, Under the Equal Pay Act of 1963.**

   Plaintiff claims that Defendant adopted an unlawful system that disadvantage and hindered, him from pursuing his Federally protected activities, and that this adopted system was also, employed to conspire against him to exercising of his constitutional rights and laws of the United States. Plaintiff claims to have been conspired and retaliated against by the Defendant and there accomplices, prior to, during, and after the administration process, with the DCOHR/U.S. EEOC, thus leading to retaliatory discharge, which Plaintiff believes to have been obstructing, fraudulent and deceiving to the exercising of his Constitutional, Fundamental, and employment opportunities and rights. However, Plaintiff also believes that the Defendant made may attempts to hinder and deprive him of his federally protected activities throughout his efforts of exercising of such activities/rights to bring unlawful employment matters to closure. Plaintiff claims that Defendant's intentions was to fraud and/or defraud the U.S. government and to monopolize there administration process by making false, fraudulent and deceptive statements in response to the U.S. government agents when interrogatories was being conducted by the, DCOHR and U.S., EEOC.

11



2. Furthermore, Plaintiff believes that Defendant adopted a system to disadvantage his employment opportunities for all of the mentioned reasons such as, conspiring with his previous counsel regarding unlawful employment practices, conspiring against his rights and/or federally protected activities. Defendant's intentions were to refused to deal with Plaintiff and/or refused to mediate on the initial schedule mediation to avoid the Plaintiff's litigations regarding Defendant's unlawful employment and/or predatory employment practices concerning equal pay for equal work, among other employment opportunities thus, to deprive Plaintiff of exercising his federal protected activity and rights of employment. Defendant's practices and/or actions lead to the denial of Plaintiff to seek legal counsel according to DCOHR, Interim Director Mr. Donald M. Stocks, regarding Plaintiff's federal protected activities. Plaintiff believes that the Defendant was fully aware of the effects and/or impact that there actions would have had on the Plaintiff's attempt to pursue his questions in regards to equal pay for equal work, and other federally protected activities and/or employment opportunities. Plaintiff, also believes that by venue of acquiring an employment monopoly and administrative monopoly, that Defendant could control the local unions activities, and a substantial part of the U.S. government inquiry and responses.

Therefore, Defendant's actions, constitutes and/or are declared to be fraudulent and an illegal combination and/or conspiracy, that would make the Defendant anti-competitive with restraint on trade and the enjoyment of employment and/or employment contract, compensations/wages, privileges, terms, conditions, etc., in regards to the labor union contract that was established by the Collective Bargaining Agreement prior to their unlawful practices. Plaintiff believes that by the above actions Defendant violated the Plaintiff's Constitutional and Fundamental Rights of due process, starting with the federal administration process, which Plaintiff believed to have been obstructed by fraud and perhaps reliance to Plaintiff's DCOHR/EEOC, complaints during federal interrogatories, thus making Defendants actions in violation of the Antitrust Civil Process Act. Plaintiff believes that he was intentionally deprived of a liberty interest (Reputation), and Property interest (Fringed benefits/benefits), perhaps more, which is a enumerated fundamental right that Plaintiff believed to be synonymous with due process clauses. However, Plaintiff prays that the judicial proceedings will scrutinize strictly to determine whether the Defendant's unlawful activities have deprive him of due process and/or Due Process Clause of the 5th and 14th Amendments of the constitutional Bill of Rights. Plaintiff claims that the Defendant's actions are unconstitutional, unlawful,

13

anticompetitive, and in violation of several Antitrust Acts, and undermines public policies/law. Plaintiff believes that Defendant have succeeded to monopolize the above administration process, and/or corrupted the process by conspiring against rights of the Plaintiff, which could be in violation of (Civil RICO Act), Antitrust Civil Process Act, by having the DCOHR and EEOC to abide or turn a deaf ear to Plaintiff's allegations during the enforcement of responses of interrogatories made jointly by federal enforcement from DCOHR, and the EEOC, agents.

3.   Plaintiff claims that the Defendant actions to retaliate was malice with reckless intention to disadvantage his employment tenure, and federal protected activities/rights. Plaintiff claims that he was retaliated against intentionally by the Defendant to monopolize the already established hiring process, which placed restraint on trade of services and/or on competition to bid according to the established Collective Bargaining Agreement, thus making the Defendant anti -competitive and not pro-competitive. Plaintiff claims that Defendant unlawful employment practices involved price-fixing schemes of wages/compensation, tying arrangements for services rendered to multi-entities and/or involuntary servitude to advantage there market power, labor employment monopoly, labor contract combination conspiracy, exclusive and/or refusal to deal to advantage their market power thus, to collect from the services of the Plaintiff and/or, other local union members if, unlawful employment practices are continued.

**14**

4. Plaintiff claims that the Defendant is in violation of Defamation of character, that intensifies mental anguish and/or psychological contributions by stating that Plaintiff is playing the role of a doctor as to torment! Plaintiff's position is in disagreement and opposes the statement made by the Defendant. Plaintiff claims that the above statement imposes false characteristics and torment his physical and mental well – being. Defendant' s deceptive employment practices was designed to strip!, the Plaintiff of his reputation and dignity by concealing exculpatory evidence such as Plaintiff's employment application, qualifications, job description, and credentials to denounce him to be an impostor and/or acting as a doctor to disadvantage, Plaintiff from pursue any employment rights and/or federally protected activities diligently. Plaintiff claims that the above statement made by Defendant was adopted to hinder and/or to deprive Plaintiff from establishing or developing a stronger relationship with, DCOHR and U.S. EEOC, during there conducted investigation. Plaintiff claims that more disparate treatment occurred during the investigation conducted by DCOHR and U.S. EEOC, as follows. On July 5, 2001 Plaintiff received a letter of pre-termination for claims of insubordination which turned out to be insufficient on July 26, 2001.

15

5.   On July 27, 2001, Plaintiff received a memorandum from Defendant indicating that he was a major liability for Howard University Hospital in so many words. On September 24, 2001 Dr. Brown, Bernice forwarded a memorandum to the Administrator Director Mr. McKennie, Randall indicating the importance of medicare reimbursements by having either a certified laboratory or certified personnel. The choice to certify personnel was the least expensive and it was favored. On October 2, 2001 approval to attend a registry seminar arranged from October 5, 2001 to October 7, 2001, and scheduled with reimbursement upon completion of seminar. Upon completion of the seminar reimbursements would be furnished to the participates within 30-45 days. Over 90 days passed and Plaintiff continuously inquired about the reimbursement and, no one to include the Administrative Director could give a reason for the delay in reimbursement. Another one of the Administrative Directors Mr. Grant, Steven implied to Plaintiff in front of the Administrative Director Mr. W. Randall McKinnie, that Plaintiff would not receive any thing. On January 18, 2002 Plaintiff filed a grievance regarding reimbursement and the original copy was to be sent to Mr. Grant, Steven.

16

6.  On February 7, 2002, Plaintiff received a memorandum from Defendant
    regarding patient care issues and claims of patient abandonment. Around, or on
    March 7, 2002 Plaintiff received a reimbursement purchase order for $400.00,
    which was stated in the grievance to be made whole but it was not. Plaintiff
    inquired to the Administrator Director Mr. McKennie, Randall that the
    reimbursement was partially paid and he implied that he was uncertain about the
    pay process. Plaintiff notified Tina Fox the union president and mentioned to her
    about what he was going through to receive reimbursement for a required
    seminar and the unnecessary disciplinary actions that was arisen and Mrs. Fox,
    Tina, stated that its possibly retaliation and to expect such activities from
    Defendant. On April 4, 2002 Plaintiff received a letter of pre-termination and on
    April 19, 2002 Plaintiff received a letter of termination. Ironically, in February
    of 2002, Defendant was emphasizing patient care issues and elaborating on acts
    of patient abandonment and professional handling of patients however, the month
    of March of 2002, Defendant's actions to terminate Plaintiff after he made such
    great efforts to provide professional patient care and safety to a patient whom
    was in need. Plaintiff claims that Defendant's employment practices is in
    conflict with public and hospitals policy/standards. This just goes to show that
    Defendant's concerns are not focused on professional handling of patients but to
    seeking out acts of reprisal and termination as they please! Thus, making
    Defendant liable for their unlawful employment practices.

17

7. Plaintiff claims that the above actions are known as, disparate treatment and they are perceived to be petty indignities used to wrongfully discharge Plaintiff as part of the Defendant's adopted system to deprive the plaintiff of his federal protected activities/rights, and employment privileges such as, public and hospital policies, etc.. Plaintiff claims that the continuation of disparate treatment altered the terms and conditions of his employment and deprived him of liberty and property. Plaintiff claims that one of the **causal connection** for the disparate treatment was Because, he opposed of the continues unlawful activities, and that he participated in opposition to Defendant employment practices with state and federal enforcement agencies and/or DCOHR and U.S. EEOC. Plaintiff claims that his liberty, property, employment privileges, and federal protected activities/rights of state, local, and/or common law rights should have been protected by his participation with enforcement agencies DCOHR/U.S. EEOC. Plaintiff claims that his terms and conditions of employment have changed to disadvantage him from performing work in his working environment and/or establishment. Plaintiff claims that he was also deprived of working privileges that, stigmatizes his future employment.

8. Plaintiff repeats Count 1, of this complaint as if repeated and/or re-alleged herein this count.

## Count 3, Intentional Breach of Contract

1. **Under D.C. Code, Title 11, Sec. 921 and/or DCHRA, Local, Common, and/or Federal Law,** Plaintiff claims that Defendant violated the provision of the Collective Bargaining Agreement Article XIII.

2. Plaintiff claims that Article XIII, States that, Discipline and Discharge section 1.) explains that except for cases in which employee conduct is likely to result in damage to hospital property or injury to other individuals, disciplinary measures shall be taken in the following order:  1.) Counseling, 2.) Reprimand (must be in writing), 3.) Suspension (notice must be in writing), 4.) Termination (notice must be in writing).  Plaintiff was terminated from the Defendant's premises effective, April 19, 2002 without any counseling from his immediate supervisor Dr. Bernice D. Brown, regarding termination, nor did he receive any letter of reprimand or suspension from her acknowledgement.  Plaintiff was simply recommended for pre- termination without any verbal or written notification from his immediate supervisor.  This sort of action to terminate Plaintiff occurred more than once in the same manner, which shall serve as a reckless pattern of employment practices, of disparate treatment.

3. Plaintiff claims that the Defendant had adopted a system to disadvantage his employment rights, which could have adverse impact on present and future union members.

19

4. Plaintiff claims that the above adverse impact on employee's are unlawfully reckless and malice to union members and other employee's that work and/or provide sonograms and/or echocardiographic services to Defendant.

5. Plaintiff claims that Defendant employment practices are unlawful and disruptive to fellow employee's thus, making team work hostile and discriminatory among gender lines of men and women employee's alike.

6. Plaintiff claims that Defendant's unlawful influence over the corrupt labor organization causes unlawful acts of internal union affairs and/or "otherwise discriminating" in the internal operation. Intention misrepresentation in failing or refusing to refer for employment, or classifying its members membership or applicants in a way which tend to deprive an individual union member of employment opportunities. On the surface it appears that the union have caused unlawful acts by abiding in the employers unlawful practices. However, the Defendant is in part responsible/liable for segregating the union and union members along gender lines discriminating both in the internal affairs of the union. EEOC v. International Longshoremen's Ass'n, (5th Cir. 1975).

7. Plaintiff repeats Count's 1, and 2, of this complaint as if repeated and/or re-alleged herein this count.

**Count 4, (Obstruction), Fraud and Reliance:  Antitrust Civil Process Act**

1.  Plaintiff claims that Defendant deliberately denied that he had valid and
    proper credentials to work in the employment position that was provided by
    Defendant.  Enforcement agents for DCOHR and U.S. EEOC, was informed by
    Defendant that Plaintiff **only** had credentials for EMT and Phlebotomy, which both
    had expired during the response to interrogatories, enforced by the above agencies.

2.  Plaintiff claims that his credentials played a key part in determining his role as an
    employee, and the unlawful impact of disparate treatment and petty indignities.

3.  Plaintiff claims that a promotion was substantial for advancement in the work force
    and future employment opportunities.  Plaintiff claims his credentials was key to
    his employment status with Defendant's establishment.

4.  Plaintiff claims that Defendant obstructed the administration process to
    disadvantage the Plaintiff's protective activity and class intentionally to
    advantage their liability for future conflicts concerning the Plaintiff's employment.

5.  Plaintiff claims that Defendant adopted a system to disadvantage employee's
    thus, depriving them from complaining about adverse impacts suffered by
    employee's and union members by Defendant's predatory employment practices of
    conspiring and monopolization in both employment and market in commerce to
    include bribery and corruption, for medical market services from employee's to
    advantage their marketing strategies in the territory of Washington D.C.,
    Metropolitan area.

6. Plaintiff claims that Defendant should be deterred from future corruption and investigated by the Department of Justice to determine unlawful activities.

7. Plaintiff will testify in court that Defendant is involved with, white collard crimes such as, bribery, corruption, conspiracy, and other unlawful doing's like intentional contract breaching, discrimination, retaliation, antitrust violations, fraud, defraud, and perhaps other crimes regarding workers that provide services in commerce for money to exchange and trade in commerce; and/or unlawful employment practices that place restraint on employee's to compete and/or trade in commerce for services provided to and/or in the medical markets such as in Plaintiff's case.

8. Plaintiff would assist the Department of Justice persistently to end this kind of corruption for future generations hopefully before this adopted system reaches other employers nationally and/or internationally. Plaintiff simply was totally opposed to Defendant's employment practices.

9. Plaintiff will make individual claims for both the Defendant and labor organization for the purpose of deterring the complete unlawful adoptive system.

10. Plaintiff claims that Local Union 2094, labor organization is coherently in compliance with the unlawful actions of the Defendant and he will apply the (Civil) RICO Act to charge the local union and the Defendant as an entity for conspiracy under title 18 Chapter 96, RICO, Under the (Civil) RICO Act.

11.  Plaintiff claims that the union excepts the bribery of the Defendant after all the union is liable for intentional misrepresentation.  Local Union 2094 is in violation of their fiduciary duty of fair representation imposed by the National Labor Relations Act, that prohibits negotiation of discriminatory contractual terms.  Steel v. Louisville & N.R. Co. (S. Ct. 1944) and Plaintiff claims that he opposed Defendant's employment practices by filing grievances, etc., that resulted in EPA Violations, under Equal Pay Act of 1963, set by the Fair Labor Standards Act, enforced by the EEOC.  Retaliation under the (EPA), Civil Rights Act of 1963, have no cap on relief!  Although the union only breached their fiduciary duty never the less they remain to be liable for contractual conspiracy and bribery if proven.

12. Plaintiff claims that neither the union or Defendant is trust worthy to up hold the "Laws of the Land".  **Casual Connection, Under Title VII, Civil Rights Act of 1964**, is the Defendant's unlawful adopted system to disadvantage the Plaintiff from making any claim that would render him any federal protected activities and/or right as a citizen of the United States.  **Casual Connection, Under Equal Pay Act of 1963 (EPA)**, is the Defendant's predatory idea! to monopolize the established employment practice to include opportunities, privileges, terms, conditions, employment contracts, compensation and/or wages, etc.

23

Plaintiff claims that the casual connection for retaliation under Title VII and retaliation under the (EPA), was conducted by employing a circumstantial wheel conspiracy, conducted in secrecy by Defendant and there accomplices to support there unlawful market **strategies** and market **power** in trade and/or commerce.

13. Plaintiff repeats Count's 1, 2, and 3 of this complaint as if repeated and/or re -alleged herein this count.

## Count 5, WRONGFUL TERMINATION/ RETALITORY DISCHARGE

## Under, Washington, D.C. Laws, Local, Common, and/or Federal Laws

1. Plaintiff claims for remedies and relief under local, common, and federal law.

2. Plaintiff claims that he was terminated for providing safety measures to a patient, that was in compliance with Defendant's hospital policy and JCAHO standards. If discharge of an employee undermines public policy, the injured employee has a claim that the discharge was wrong. Retaliation, short of discharge is in violation of Title VII, due to participating in DCOHR and EEOC investigation. Under Title VII, and the Civil Rights Act of 1991, it is also unlawful for intentional retaliation.

3. Plaintiff claims that he was harassed and retaliated against coupled with threats to be discharged which occurred during investigations by enforcement agencies as part of the DCOHR/EEOC administration proceedings of existing questionable discrimination and retaliation. "Participation in proceedings" is absolutely protected and that an employer may not retaliate against an employee, even for false and malicious statements made as part of proceedings. "Pettway v. American cast Iron Pipe Co. (5th Cir. 1969)." "Deravin v. Kerik (2d Cir. 2003)." Writing a letter to the DCOHR and EEOC, complaining about the agency's failure to find "reasonable cause" that also asserted employer corruption was considered a motion for reconsideration and thus protected "participation." Pettway v. American Cast Iron Pipe Co., supra (5th Cir. 1969).

25

Participation also includes reasonable gathering of non-confidential evidence in anticipation of a formal proceeding. Grant v. Hazellett Strip -Casting Corp. (2d Cir. 1989). "Opposition" to employer practices include, making internal complaints about the unfair and unlawful treatment to plaintiff or other individuals, (Fine v. Ryan Intern. Airlines (7th Cir. 2002), filing grievances with labor organization. It is unlawful for an employer to "retaliation" against employees because of their participation or opposition, an obligation not qualified by "terms and conditions of employment. An action is "retaliatory" if it is likely to deter plaintiff or other employees from engaging in the protected activity by intimidation of termination, and thus could include providing negative performance evaluations or inflicting petty indignities. Cf. Lederberger v. Strangler (8th Cir. 1997)(retaliation must affect "term and condition of employment"). State non-discrimination statues proscribe sex, discrimination, the discharge of the employee on such grounds, may preclude an assertion of a common law "wrongful discharge". It violates Public Policy and/or possibly Hospital Policy/Compliance to dismiss a health care professional for refusing to violate defined and enforceable professional ethical obligations, as in Plaintiff's case. Shearin v. The E.F. Hutton Group, Inc. (Del. 1994).

4.  Constitutional and State/Common Law, defamation, intentional infliction of harm, etc. view wrongful discharge as a tort for which the employee may recover damages for foreseeable lose that include consequential injuries such as pain, suffering, emotional distress, and loss of reputation, all which Plaintiff claims as related adverse actions. Cagle v. Burns & Roe, Inc. (Wash. 1986). To punish, and thus to deter future wrongdoing, an employee may recover punitive damages for, malicious misconduct, especially for intentional violations that deprives and /or intimidate employee's of there employment rights. Some courts, however, view wrongful discharge as a contract breach, and limit damages to the "loss of bargain:" (e.g., lost wages and related incidental economic loses). Punitive damages, as well as damages for non-monetary injuries such as pain, suffering, and humiliation are not generally recoverable for contract breaches. Sterling Drug, Inc. v. Oxford (Ark. 1988).

5.  Plaintiff claims that his constitutional rights had been violated by the Defendant, such as, liberties infringed; if an adverse action that stigmatizes the Plaintiff's reputation so that pursuit of similar employment is substantially hindered, an accusation of dishonesty or immorality infringes his liberty as well, and thus requires procedural due process. Putman v. Keller (8th Cir. 2003). Procedural Due Process "Property" and " Liberty:"

6.  Plaintiff claims that his termination was in violation of public policy, inter alia, Causes of action for labor misrepresentation, labor interference and blacklisting, breach of contract, defamation, negligent misrepresentation, intentional misrepresentation, tortuous interference with prospective economic advantage, and unfair competition violations.

7.  Plaintiff claims that the above actions are known as disparate treatment they are perceived to be petty indignities used to wrongfully discharge Plaintiff as part of the Defendant's adopted system to deprive the plaintiff of his federal protected rights, and employment privileges such as, public/hospital policies, etc..

8.  Plaintiff claims that the continuation of disparate treatment altered the terms and conditions of his employment and deprived him of liberty and property.

9.  Plaintiff claims that the causal connection for the above disparate treatment was Because, he opposed of the continues unlawful activities, and that he participated in opposition to Defendant employment practices with state and federal enforcement agencies and/or DCOHR and EEOC.

10. Plaintiff claims that his liberty, property, employment privileges, federal protected rights of state, local, and/or common law rights should be protected by his participation with enforcement agencies of the DCOHR and U.S.EEOC.

11. Plaintiff claims that his terms and conditions of employment have changed to disadvantage his working environment and/or establishment by depriving him of working privileges that also, stigmatizes his future employment. Plaintiff was simply recommended for pre- termination without any verbal or written notification from his immediate supervisor. This sort of action tormented Plaintiff and it occurred more than once in the same manner.

12. Plaintiff repeats Count's 1, 2, 3and 4 of this complaint as if repeated and/or re -alleged herein this count.



**Count 6, Under Title 18, U.S.C.A., Chapter 96 RICO, (Civil) RICO Act, Under Title 29, U.S.C.A., Section 524a. Elimination of racketeering activities threat; State legislation governing collective bargaining representative, (sec.2201), and Section 524. Effect on State laws (sec.604) this is in part to the comprehensive statutory system enacted as part of the Comprehensive Crime Control Act of 1984.**

1. Plaintiff claims that the Local Union 2094, Defendant's labor organization discriminated in the internal operations of representation of it's members by failing or refusing to refer for employment, or classifying its membership or applicants in a way which tend to deprive union members of employment opportunities.

2. Plaintiff claims that union contributes to causing unlawful acts by the employer.

3. Plaintiff claims that union segregate members along gender lines that violates Title VII, discriminating in the internal affairs of the union, by classifying members in a way that tends to deprive them of employment opportunities, such as liberty, and property.

4. Plaintiff claims that the union is an associate that exists in whole or in part to deal with Defendant concerning employee grievances, labor disputes, and terms or conditions of employment that was thought to be trusted by Plaintiff, and other employee's.

5. Plaintiff claims that both the Defendant and Union conspired to unlawfully practice organized corruption and overtly to disadvantage the Plaintiff and possibly other employee's from pursuing there federally protected activities and laws of the U.S., which could having an adverse impact on Armed Service Members and/or individuals in, trade and/or commerce, to include Defendant's future employees. If Defendant's unlawful employment methods are adopted unlawfully by local employers this matter would be of public interest to secure substantial justice for all to include, Uniformed Military Veterans.

6. Plaintiff understands that Title VII preserves the right to apply different terms and conditions "pursuant to a bona fide seniority system provided that such differences are not the result of an intention to discriminate between genders as in Plaintiff's case, but both the Defendant and union violated many provisions of the Collective Bargaining Agreement intentional to disadvantage the Plaintiff's protected class, activity, and other employment rights, by conspiring and intentionally breaching contracts of trust in trade and/or commerce towards Plaintiff thus, stigmatize his future employment as a worker providing medical services in the medical market.

7. Plaintiff claims that both the Defendant and the union's motive was explained and unexplained disparate treatment adopted as a system to disadvantage and deceive union members and especially the Plaintiff from participating in his federally protected class and activities.

31

### Count 7: Under Title 15, Sherman Acts 1, 2, and 3, and the Clayton Act, Under Robinson-Patman Act, and Under Uniform Deceptive Trade Practice Act of unfair competition

1. Plaintiff's belief is that the above antitrust, trade, and deceptive unfair competition acts, all occurred in collaboration.

2. Plaintiff claims that Defendant adopted an unlawful deceptive system to disadvantage the Plaintiff from the enjoyment of employment and hindered him from exercising his federally protected activities/rights, to include hindering his pursuant of exercising the laws of the United States, which could be considered unconstitutional, thus, leading to a constitution tort and/or government tort.

3. Plaintiff claims that Defendant violated the Sherman Acts: 1, 2, and 3, Under Title 15.

4. Plaintiff claims that Defendant conspired against rights secured to him, such as his enjoyment of free exercise of any right or privilege secured to him by the constitution or the laws of the United States.

5. Plaintiff claims that the local labor organization 2094 and the Defendant conspired and/or substantially conspired against Plaintiff as a deceptive device and/or as an instrumental entity to allow for acts of unlawful violations to occur.

33

6.   Plaintiff claims that Defendant falsified documents that are false, fraudulent and
     fictionist  and that the documents have perhaps mislead the United States and
     local Government intentionally to minimize there overall liabilities, by
     obstruction on both Federal and State levels.  Plaintiff claims that Defendant is
     fully aware the consequences of these unlawful violations and there remedies if
     convicted by jury and/or grand jury.  Defendant institutes a university level law
     school, and Plaintiff is confident that Defendant is aware of any subsequent
     criminal and civil  penalties and/or damages.

7.   Plaintiff claims that the Defendant have controlled the local labor organization
     by deceptive and secret means to deprive Plaintiff from the enjoyment of
     employment opportunities such as the competition to bid for
     wages/compensation, deprived of promotion due to deceptive instrumental
     usage of the local labor organization 2094, as an accomplice to conspire,
     deprived of contractual and potential business relationship of prospective
     economic advantage, because of Defendant preferred preference to conspire
     in the employment/labor market.  Plaintiff claims that Defendant participated
     in a conspiracy in the territory of Washington District of Columbia by,
     conspiring in combination of contract to monopolize the labor market on the
     premises of the Defendant enterprise and/or hospital for medical services.
     Plaintiff claims that he was injured by Defendant's unlawful violations and
     he believes that the violations are Per Se of the antitrust laws.

34

8.  Plaintiff claims that the Defendant and perhaps there accomplices are
    involved in: tying arrangements, price fixing, false advertising for employment
    and/or employment promotions, fraud for service competing, unlawful price and
    service discrimination, and any state claims from the above and/or below this
    paragraph pertaining to similar state offenses such as interference with
    advantageous business relations; unfair competition, breach of contract, unjust
    enrichment, breach of implied contract, state antitrust claims, etc. Plaintiff
    claims that Defendant's current employment practices will undermine public
    policy/law, for as long as Defendant can continue there unlawful employment/
    labor practices. Plaintiff claims that Defendant's, unlawful employment history
    should be pro-competitive and not the opposed. Plaintiff claims that the
    Defendant's employment practice in its current situation will effect commerce,
    the growing profession and business of diagnostic medical sonographers in a
    negative way that will place restraint on prospective and veteran sonographers
    and or echocardiographers. Plaintiff claims that for the same reasons economic
    restraints will place a restraint on the echocardiographic professional services of
    these professionals to provide health and general welfare care services to the
    general public thus, leading to restraints on the free flow of commerce and
    commodities in the medical market.

9.  Plaintiff claims that Defendant unlawful actions are disruptive to the free flow of commerce and/or trade and that it stigmatizes the Plaintiff's employment and/or future employment unconditionally.

10.  Plaintiff claims that Defendant's employment practices are unconstitutional and he also believes that Defendant's actions are malice with reckless intentions to adopt a labor system, that subjects employees to involuntary servitude, and deprives them of the enjoyment of employment to include the free exercising of there constitutional rights, United States Law, privileges terms, condition, opportunities, contractual privileges/opportunities, etc. and the advantage of economic prospective business relationship as in Plaintiff's case.

11.  Plaintiff repeats Count's 1, 2, 3, 4, 5, 6 and 7 of this complaint as if repeated and/or re-alleged herein this count.

**Count 7: Fraud, Fraud and Reliance and Defraud,** Under Federal, Common and/or State Law

1.  Plaintiff claims that Defendant provided the federal and state enforcement agencies with fraudulent documentation that both the Plaintiff and enforcement agencies trusted to rely on.

2.  Plaintiff claims that Defendant used the documents to deceive the Plaintiff as well as the enforcement agencies administration process to minimize there liabilities thus, leading to Defraud the United State if the United States reside over these litigations as the truth.

3.  Plaintiff claims that the Defendant is involved in violations that undermines public policy/laws, etc. Plaintiff claims that the fraudulent acts are part of the Defendant's unlawful adopted system to disadvantage the Plaintiff business relationship and to disadvantage the enforcement agencies to efficiently conduct a justifiable investigation without obstruction as a deceptive device, pursuant to the exercising of the Plaintiff's secured constitutional rights and laws of the United States. Plaintiff claims that the Defendant's unlawful predatory employment practices are malice with reckless intentions to monopolize labor services, within there entities for economic and market growth in medical services market.

4.  Plaintiff repeats Count's 1, 2, 3, 4, 5, and 6 of this complaint as if repeated and/or re-alleged herein this count.

37

**EQUITABLE RELIEF:**

1. Plaintiff has no adequate remedy at law other than the law (Due Process).

2. Plaintiff request trial by "Grand Jury", and criminal contempt, if established by the verdict of the jury.

3. Plaintiff request for treble damages if trial is necessary.

4. Plaintiff request for criminal contempt, if occur within the presence of the court.

WHEREFORE, the Plaintiff prays that this court grant him the following:

1. Plaintiff's court costs, expert witness expense, and attorney fees.

2. Such other and further remedies and relief as this court deems just.

3. Strict Scrutiny, of Fundamental Rights.

Rossi M. Potts
14124 Bishop Claggett Ct.
Upper Marlboro Maryland 20772
(301) 574-2541

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2006, a copy of the

Consolidated Amended Complaint is foregoing by certified mail to:

>Timothy F. McCormack, Esq.
>BALLARD SPAHR ANDREWS & INGERSOLL, LLP
>300 East Lombard Street, 18th Floor
>Baltimore, Maryland 21202-3268
>
>From: Rossi M. Potts
>14124 Bishop Claggett Ct.
>Upper Marlboro MD. 20772

---

Rossi M. Potts / Plaintiff