**RECEIVED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAY 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ROSSI M. POTTS**
**14124 Bishop Claggett Court**
**Upper Marlboro, MD. 20772**

        Plaintiff,

v.

**HOWARD UNIVERSITY**
**2041 Georgia Avenue, N.W.**
**Washington, DC 20060**

        Defendant,

(Consolidated)
Civil Action Numbers    **1:04-CV-1865**
Judges: RMU/DAR    **1:04-CV-2103**
                             **1:05-CV-1317**
                             **1:05-CV-1929**

## Motion LCvR 7 a, b, c,

## And

## Federal Rule 8 (a) Claims for Relief

## Memorandum of Opposing Points and Authorities

### PARTIES

1. The Plaintiff is an individual residing at 14124 Bishop Claggett Court, Upper Marlboro, Maryland 20772. He recently was, and at all times pertinent hereto was, an employee of the Defendant, Howard University.

2. The Defendant Howard University, located at 2041 Georgia Avenue, NW, Washington, DC. 20060.

1

**(MOTION)**

## <u>Memorandum of Opposing Points and Authorities</u>

1.  Memorandum in support of Plaintiff's opposing to the dismissal of all counts.

2.  Jurisdiction of the following claims are within this court's jurisdiction and need no new grounds for establishment unless this court states otherwise.

3.  Plaintiff claims that he is entitled to the following relief and other further relief as this court deems just; preventive injunction, prohibited injunction, reparative injunction, alternative relief/remedial law, coercive relief, adequate remedy at law, concurrent remedy, cumulative remedy, equitable remedy, extraordinary remedy, judicial remedy, legal remedy, provisional remedy, remedy over, specific remedy, substitutional remedy, mutuality of remedy.

4.  Plaintiff demands that this court provides the appropriate relief concerning the prudent judgment residing over these claims, considering this stage of proceedings of this court's process of (Alternative Dispute Resolution), Judicial Settlement Conference.

## Count 1

**Intentional Discrimination/Under Title VII of the Civil Rights Act of 1964, Title VII of the Civil Rights Act Of 1964, Civil Rights Act 1991(Intentional), DCHRA and/or DCMR Title IV, and Title 38, U.S.C., Chapter 43 Employment and Reemployment Rights of Members of the Uniform Services, Subchapters I, II, III, and IV, and Under Title 29 U.S.C.A.(All), that apply in Plaintiff's Consolidated Amended Complaint.**

1. Plaintiff claims that this court has jurisdiction to rule on these claim and this claim needs no new grounds of jurisdiction unless this court state other wise. Plaintiff believes that a civil investigative demand, may be required to secure any substantial justice owned to him for any and/or all relief, remedies, and/or damages to be granted to him by this court.

2. Plaintiff claims that his rights and privileges secured to him by the Constitution and/or laws of the United State, have been placed at a disadvantage to pursue because of Defendant's adopted unlawful employment practices and the obstruction provided by Defendant's during the U.S. EEOC administration interrogatories have disadvantage him to pursue substantial justice. Plaintiff claims that the Defendant's employment practices are malice, reckless, and were intentional to violate the above entitlements rights and laws.

3. Plaintiff believes that he is a victim of intentional discrimination (gender/sex) in more than one count and he demands for judgment on the above entitlements. Plaintiff seeks the full equity powers of this court for, civil remedies and/or any Subsequent [criminal remedies] if granted by this court and/or findings from a civil investigative demand in the name of the United States if that the Attorney General believes that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

## Count 2
## RETALIATION

**Under Title VII Civil Rights Act of 1964, Under the Equal Pay Act of 1963, (EPA), Under Title 18 U.S.C.A. § 1513. (b)(2), (d), (e)3, (e)3, DCMR's, DCHRA**

1. Plaintiff claims that during the gathering of information relating to the two Complaints filed with the DCOHR and U.S EEOC, that he was a victim of retaliation. In spite of Defendant's efforts to minimize their liabilities of unlawful actions relating to the commission or possible commission of a Federal offense and/or offenses during the U.S.EEOC and DCOHR, investigations. Plaintiff claims that Defendant adopted a system to disadvantage him and to retaliate against him as to victimize him in every effort he made to address the matters regarding his employment opposition and pending Federal offenses relating to civil torts, such as discrimination and equal pay for equal work under the(EPA).

2. Plaintiff claims that this court has jurisdiction to rule on this claim and this claim needs no new grounds of jurisdiction unless this court state other wise. Plaintiff believes that a civil investigative demand, may be required to secure any substantial justice owned to him for any and/or all relief, remedies, and/or damages to be granted to him by this court.

3. Plaintiff claims that his rights and privileges secured to him by the Constitution and/or laws of the United State, have been placed at a disadvantage to pursue because of Defendant's adopted unlawful employment practices and the obstruction provided by Defendant's during the U.S. EEOC administration interrogatories to disadvantage him to pursue substantial justice. Plaintiff claims that the Defendant's employment practices are malice, reckless, and were intentional to violate the above entitlements rights and laws.

4. Plaintiff believes that he is a victim of intentional retaliation in more than one count and he demands for judgment on the above entitlements. Plaintiff seeks the full equity powers of this court for, civil remedies and/or any subsequent [criminal remedies] if granted by this court and/or findings from a civil investigative demand in the name of the United States, if that the Attorney General believes that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

6

## Count 3
## Intentional Breach of Contract

**Under D.C. Code, Title 11, § 921, DCHRA, Common law and Federal laws Civil Rights Act of 1991, [Under Title 29, LMRA, Labor-Management Reporting and Disclosure Procedure Act of 1959, NLRA, Subchapter III-Conciliation of Labor Disputes; National Emergencies, Subchapter IV-Liabilities of & Restrictions on Labor Management], Under Title 18 U.S.C.A. § § 241 and 245. Title 15, Sherman & Clayton Acts.**

1.  Plaintiff claims that Defendant's intentionally violated several provisions of the Collective Bargaining Agreement to disadvantage him from pursuing his Federally protected activities as stated in Title18 U.S.C.A. § 245, subsections (a)(1)(2), (b)(1)(B)(C)(E), and the free exercise and/or enjoyment of rights or privileges secured to him by the Constitution and/or laws of the United States, because of his having so exercised the same. Title 18 U.S.C.A. § 241. Conspiracy against rights. Plaintiff claims that Defendant and local union 2094 labor organization collaborated to conspire against his rights as stated above. Plaintiff claims that to conspire against rights and laws secured to him would be Unconstitutional.

2.  Plaintiff claims that this court has jurisdiction to rule on this claim and this claim needs no new grounds of jurisdiction unless this court state other wise. Plaintiff believes that a civil investigative demand, may be required to secure any substantial justice owned to him for any and/or all relief, remedies, and/or damages to be granted to him by this court.

3.  Plaintiff claims that his rights and privileges secured to him by the Constitution and/or laws of the United State, have been placed at a disadvantage to pursue because of Defendant's adopted unlawful employment practices and the obstruction provided by Defendant's during the U.S. EEOC administration interrogatories to disadvantage him to pursue substantial justice. Plaintiff claims that the Defendant's employment practices are malice, reckless, and were intentional to violate the above entitlements rights and laws.

4.  Plaintiff believes that he is a victim of intentional Breach of Contract in combination to monopolize employment, and/or labor for medical services, and the medical market that relates to his profession and professional services as a cardiacsonographer in more than one count and he demands for judgment on the above entitlements. Plaintiff seeks the full equity powers of this court for, civil remedies and/or any subsequent [criminal remedies] if granted by this court and/or findings from a civil investigative demand in the name of the United States if that the Attorney General believes that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

**Count 4**
**Obstruction, Fraud and Reliance**

1.  Plaintiff claims that Defendant obstructed the administration process conducted

    by the DCOHR and U.S. EEOC investigative interrogatories intentionally to

    disadvantage plaintiff from pursuing his federally protected rights willfully by

    withholding exculpatory information essential for government agents to make a

    prudent decision regarding possible Federal offenses such as Title VII Civil

    Rights Act of 1964, discrimination (sex) and retaliation under the (EPA), and/or

    Fundamental/Constitutional rights. Plaintiff believes that Defendants actions

    were intended not only to disadvantage his Federally protected rights, under

    Title 18 § 245 but was to conceal, cover up, avoid, evade, prevent and/or to

    obstruct compliance to minimize there liabilities of unlawful federal offenses

    sought by DCOHR and U.S. EEOC in whole or in part, to misrepresent the

    department or agency of the United States, thus making the State/Wash. D.C. and

    the United States Government Departments and/or Agencies liable for fraud

    and/or possibly other unlawful Federal commissions . However, Defendants

    actions leaves Plaintiff to believe that the Government agencies mentioned above

    and/or below are corrupt and/or involved in bribery, under Title 18 § 201.

    (relating to bribery of public officials), which also places,

Plaintiff at a disadvantage to pursue substantial justice of due process of Constitutional rights mentioned in his Consolidated Amended Complaint and other Federally protected rights, privilege, and laws of the Constitution and United States, which Plaintiff believes to be not in accord with the principles set forth in the constitution. Plaintiff believes that bribery is a felony in most jurisdictions especially of persons in a position of trust. Plaintiff is left to believe that there is corruption involved due to the lack of proper exercise of the power of inquiry or investigation conducted by the U.S. Government, which will manifest to a Constitutional question, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. Plaintiff, will consider redress from State and Federal Departments and/or agencies that are permitted by this court as expert witnesses and/or any other way that this court deems just.

2. Plaintiff claims that Defendant's intentionally obstructed the administration process to disadvantage him from pursuing his Federally protected activities as stated in Title18 U.S.C.A. Section 245, and conspired against rights of the Plaintiff under Title 18 § 241.

Conspiracy against rights depriving Plaintiff from the free exercise and/or enjoyment of rights or privileges secured to him by the Constitution and/or laws of the United States, because of his having so exercised the same. Plaintiff claims that Defendant and local union 2094 labor organization collaborated to conspire against his rights as stated above.

3. Plaintiff claims that this court has jurisdiction to rule on this claim and this claim needs no new grounds of jurisdiction unless this court state other wise. Plaintiff believes that a civil investigative demand, may be required to secure any substantial justice owned to him for any and/or all relief, remedies, and/or damages to be granted to him by this court.

4. Plaintiff claims that his rights and privileges secured to him by the Constitution and/or laws of the United State, have been placed at a disadvantage to pursue because of Defendant's adopted unlawful employment practices and the obstruction provided by Defendant's during the U.S. EEOC administration interrogatories to disadvantage him to pursue substantial justice. Plaintiff claims that the Defendant's employment practices are malice, reckless, and were intentional to violate the above entitlements rights and laws.

5. Plaintiff believes that he is a victim of obstruction and fraud in more than one count and he demands for judgment on the above entitlements.

Plaintiff seeks the full equity powers of this court for, civil remedies and/or any subsequent [criminal remedies] if granted by this court and/or findings from a civil investigative demand in the name of the United States if that the Attorney General believes that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

## Count 5
### Wrongful Termination/Retaliatory Discharge
**Under title VII, Civil Rights Act of 1964/Common Law, and any of the District of Columbia laws, regulations, and/or rules.**

1. Plaintiff claims that the Defendant intentionally terminated and/or conspired to Retaliatory discharge the Plaintiff, to disadvantage him from pursuing his Federally protected activities and the free exercise and/or enjoyment of rights or privileges secured to him by the Constitution and/or laws of the United States, because of his having so exercised the same.

2. Plaintiff claims that this court has jurisdiction to rule on this claim and this claim needs no new grounds of jurisdiction unless this court state other wise. Plaintiff believes that a civil investigative demand, may be required to secure any substantial justice owned to him for any and/or all relief, remedies, and/or damages to be granted to him by this court.

3. Plaintiff claims that his rights and privileges secured to him by the Constitution and/or laws of the United State, have been placed at a disadvantage to pursue because of Defendant's adopted unlawful employment practices and the obstruction provided by Defendant's during the U.S. EEOC administration interrogatories to disadvantage him to pursue substantial justice. Plaintiff claims that the Defendant's employment practices are malice, reckless, and were intentional to violate the above entitlements rights and laws.

13

4. Plaintiff believes that he is a victim of retaliation and/or retaliatory discharge in more than one count and he demands for judgment on the above entitlements. Plaintiff seeks the full equity powers of this court for, civil remedies and/or any subsequent [criminal remedies] if granted by this court and/or findings from a civil investigative demand in the name of the United States if that the Attorney General believes that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

5. Plaintiff claims that he was wrongfully terminated by Defendant as part of their adopted system to disadvantage his Federally protective rights, Constitutional rights and Laws of the United States, which resulted to retaliatory discharge from Defendants premises.

6. Plaintiff claims that his discharge was against the Defendant's hospital standards and JCAHO standards. Plaintiff also believes that his discharge undermines public policy, under the standards provided by JCAHO, and the hospital.

7. Plaintiff claims that he was harassed and retaliated against coupled with threats to be discharged for petty indignities that Defendant conjecturally describes as liabilities to the hospital. Plaintiff claims that his actions never placed the hospital in a position that would, cause him to be a liability for his professional services rendered to the community at the Defendant's hospital!

8.  Plaintiff claims that before, during, and after participating with the DCOHR, and U.S. EEOC administration proceeding that the above actions took place provided by the Defendant's employment actions intentionally to disadvantage Plaintiff from pursuing any of his Federally protected rights before and during the investigation.   Plaintiff also believes that this matter should be redressed to the above departments and/or agencies.

**Count 6**
**Under Title 18, U.S.C.A., § 1962, Chapter 96 RICO, (Civil) RICO Act, Under Title 29, U.S.C.A., § 524a. Elimination of racketeering activities threats; State legislation governing collective bargaining representative, (sec.2201), and Title 29 § 524. Effect on State Laws,(sec.604) this in part to the comprehensive statutory system enacted as part of the Comprehensive Crime Control Act of 1984, pursue to Section 151 of the NLRA of Title 29 U.S.C.A.**

1. Plaintiff claims that Defendant's intentionally violated many of the section 1962 Prohibited activities of (civil) RICO Act to disadvantage him from pursuing his Federally protected activities and the free exercise and/or enjoyment of rights or privileges secured to him by the Constitution and/or laws of the United States, because of his having so exercised the same.

2. Plaintiff claims that this court has jurisdiction to rule on this claim and this claim needs no new grounds of jurisdiction unless this court state other wise. Plaintiff believes that a civil investigative demand, may be required to secure any substantial justice owned to him for any and/or all relief, remedies, and/or damages to be granted to him by this court.

3. Plaintiff claims that his rights and privileges secured to him by the Constitution and/or laws of the United State, have been placed at a disadvantage to pursue because of Defendant's adopted unlawful employment practices, Under Title18 U.S.C.A. § 1962, (civil) RICO Act, violations. Plaintiff claims that at least two instances that public official were involved and that they may have been victims of Defendant's adopted unlawful system to deprive employees of there Federally protective rights by bribery.

16

Violations of Title 18 Chapter 11- BRIBERY, GRAFT, AND CONFLICTS OF

INTEREST and Chapter 96- RACKETEERING INFLUENCED AND

CORRUPTION ORGANIZATIONS § § 201. Bribery of public officials and

1962. Prohibited activities; activities that were provided by Defendant, during the

U.S. EEOC administration interrogatories to disadvantage Plaintiff to pursue

substantial justice. Plaintiff claims that the Defendant's employment practices are

malice, reckless, and were intentional to violate the above entitlements rights and

laws.

4. Plaintiff believes that he is a victim of (civil) RICO Act violations in more than

one count and he demands for judgment on the above entitlements. Plaintiff seeks

the full equity powers of this court for, civil remedies and/or any subsequent

[criminal remedies] if granted by this court and/or findings from a civil

investigative demand in the name of the United States if that the Attorney General

believes that in his judgment a prosecution by the United States is in the public

interest and necessary to secure substantial justice, which function of certification

may not be delegated. Plaintiff also believes that this count should be remanded

to State for any subsequent criminal charges and/or State relief and damages or

remedies.

17

**Count 7**
**Under Title 15 U.S.C., Sherman Act 1, 2, 3, relating to Commerce Power [§ 144], [§ 146], [§ 147], [§ 149], [§ 158], [§ 160], [§ 161], [§ 162], Under Article I, §8, Clause 18,. Clayton Act, Under Robinson-Patman Act, and Under Uniform Deceptive Trade Practice Act for unfair competition.**

1. Plaintiff claims that Defendant's intentionally violated the above antitrust and competition Act's to disadvantage him from pursuing his Federally protected activities and the free exercise and/or enjoyment of rights or privileges secured to him by the Constitution in Article I, § 8, Clause 3 and/or laws of the United States, because of his having so exercised the same.

2. Plaintiff claims that this court has jurisdiction to rule on this claim and this claim needs no new grounds of jurisdiction unless this court state other wise. Plaintiff believes that a civil investigative demand, may be required to secure any substantial justice owned to him for any and/or all relief, remedies, and/or damages to be granted to him by this court.

3. Plaintiff claims that his rights and privileges secured to him by the Constitution and/or laws of the United State, have been placed at a disadvantage to pursue because of Defendant's adopted unlawful employment practices. Plaintiff claims that Defendant is a entity/industry, that have affects on commerce. Plaintiff claims that any labor dispute bearing a burden and/or tend to burden the free flow of commerce would have a direct affect on trade.

Plaintiff claims that Defendant's illegal employment practices have a burden to that affect. Plaintiff claims that Defendant's employment practices are systematically set-up to restrain trade illegally by adopting a system to disadvantage there employees professions, professional services, skills, promotions, and compensations for services rendered to consumers. Plaintiff claims that his services was used by Defendant as a commodity of trade in exchange for money for unlawful financial gain thus, placing restraint on compensation for such services. Plaintiff claims that these restraints are illegal in combination with a labor contract that interferes with trust that is intended to protect the public from interference with the free play of market forces prohibiting behavior that restricts competition or trade, known as the antitrust laws. Plaintiff claims that legal labor contracts constitution and by laws should avoid the slightest appearance of anticompetitive behavior or unfair business practices. The objective is to allow for consumers to benefit from lower prices, and better services as a social amenity resulting to an efficient production. However, Defendant labor contract is the opposite and it is anticompetitive in the operations of daily business from Plaintiff's experience during his tenure with the Defendant. Plaintiff is left to believe that Defendant's labor contract is unlawful and in violation of the Sherman Antitrust Act of 1890 § 1. Trusts, etc., in restraint of trade illegal; penalty, Plaintiff claims that Defendant's collective bargaining agreement is within good standing when applied properly.

19

However, Defendant uses the contract as a passive instrument in combination to conspire against employees Federally protective rights and rights secured to them by the Constitution and laws of the United States as in Plaintiff's case, thus, making Defendant liable for antitrust violations Per Se. Under the Sherman Antitrust Act of 1890 § 2. Monopolization trade a felony; penalty. Plaintiff claims that Defendant also uses the labor contract illegally in Combination to conspire and monopolize the services of employees illegally, thus Placing restraints on employees professions, professional services, skills, promotions, and compensations for services rendered to consumers, which undermines public policy. Under the Sherman Antitrust Act of 1890 § 3. Trusts in Territories or the District of Columbia illegal; Combination a felony; penalty. Plaintiff claims that he reside in the State of Maryland outside of the Defendants territory, District of Columbia and that he is a victim of the Defendant's illegal combination of a labor contract to conspire not only against his Federally protective rights to work in the District of Columbia with the Defendant but he is also a victim of conspiracy of rights secured to him by the Constitution and laws of the United States by the Defendant as an attempt to monopolize the territory of Washington District of Columbia. McCulloch v. Maryland, 17 U.S. 316, (1819). Plaintiff claims that this court has jurisdiction of this matter venue, the Sherman Antitrust Act of 1890 § 4. Jurisdiction of courts; duty of United States attorney; procedure.

Plaintiff claims that the Defendant's employment practices are malice, reckless, and were intentional to violate the above entitlements rights and laws.

4.  Plaintiff believes that he is a victim of antitrust and deceptive trade practice act violations in more than one count and he demands for judgment on the above entitlements. Plaintiff seeks the full equity powers of this court for, civil remedies and/or any subsequent [criminal remedies] if granted by this court and/or findings from a civil investigative demand in the name of the United States if that the Attorney General believes that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated. Plaintiff also believes that this count should be remanded to State for any subsequent criminal charges and/or State relief and damages or remedies.

## Count 8
### Fraud, Fraud/Reliance and Defrauding the United States

1. Plaintiff believes that the Defendant have defrauded the District of Columbia and The United States Governments during the administration process of inquiries from the DCOHR and U.S.EEOC proceedings. Plaintiff also believes that these Government Agencies have relied on the information provided to the above agencies as the truth as Defendants stated within the interrogatories. Plaintiff believes that his only hope to bring about the true matter of Rossi M. Potts, Plaintiff v. Howard University, Defendant is to have an (civil) investigative demand under oath, conducted by the department of justice. However Plaintiff is left with no other legal option to acquire 100%, relief other than to file for a civil investigative demand if it is a right to do so in this court. Plaintiff is uncertain of his declaration of rights within the jurisdiction of this court and he would like to requests for a Declaratory Judgment, to determine any declaration of rights secured to him, if needed to pursue an (civil) investigative demand requested by him and/or if it must be requested for only by the Attorney General and/or his associates. Plaintiff claims that the United States and Washington District of Columbia has responsibilities and liabilities owned to him, under the Following titles: Title 28 § 2415. Time for commencing actions brought by the United States (d), (e), and (f), and Title 28 § 2416.

22

Time for commencing actions brought by the United States-Exclusions, (c), and Title 28 § 2672. Administrative adjustment of claims, and Title 28 § 2674. Liability of the United States, and Title 28 § 2675. Disposition by federal agency as prerequisite; evidence, and Title 28 § 2680. Exceptions, (a), (h), and Title 28 § 1337. Commerce and antitrust regulations; amount in controversy, costs, (a), and Title 28 § 1345. United States as Plaintiff, and Title 28 § 1361. Action to compel an officer of the United States to perform his duty, and Title 28 § 1631. Transfer to cure want of jurisdiction (remand back to State), and Title 28 § 1657. Priority of civil actions (a), (b), and Title 28 § 2403. Intervention by United State; constitutional question, and Title 28 § 2413. Executions in favor of United States. Plaintiff claims that he is entitled to remand back to state under Title 38 U.S.C. Chapter 43, Subchapter III § 4323. subsection (i) inapplicability of State Statute of Limitations- No State statute of limitations shall apply to any proceedings under this chapter. This raises a issue of declaration of rights, pursued to Abstention of Pullman Abstention. [§119] v. Younger Abstention. [§122], Defendant provoked a Federal question of civil violations with subsequent Criminal violations, whoever Plaintiff is moved by obstruction and left to Plead for Declaratory Judgment under Fed. Rule 57, thus complicating the Judicial process. Plaintiff questions Title 28 § 1657. Priority of civil actions, (a), (b). Close and Substantial Effect on Commerce NLRB v. Jones & Laughlin Steel Corp., 301 U.S. 1 (1937).

**Supporting Authorities, Remedies, and suggestive Relief, accompany,**
**Consolidated Amended Complaint and Memorandum of Opposition.**

*Plaintiff alleges Discrimination by disparate treatment. McDonnell Douglas Crop.

v. Green, supra (S.Ct., 1973).

*A complaint should not be dismissed "unless it appears beyond a reasonable doubt

that the Plaintiff can prove no set of facts in support of his claim which would

entitle him to relief. Moore v. Valder, 65 F. 3d 189, 192 (D.C. Cir. 1995).

*Plaintiff need not show that his qualifications were superior to those

of the person selected. Patterson v. McLean Credit Union (S.Ct. 1989).

*Plaintiff had a "liberty" interest infringed if an adverse action stigmatizes the

employee's reputation so that pursuit of similar employment is substantially

hindered an accusation of dishonesty or immorality infringes that liberty and thus

requires procedural due process. Putnam v. Keller (8th Cir. 2003).

*Applying would be fruitless, International Broth. Of Teamsters v. United States

(S.Ct. 1977).

**Remedies/Relief Under Statutory Law: Amendments in 1991 allow recovery of**

**compensatory and punitive damages.**

*While the statutes allow remedies only for "intentional" violations, "intentional" means that the discriminatory act was not accidental.  Albemarle Paper Co.  v. Moody (S.Ct. 1975), however, found an overriding statutory purpose to "make whole" victims of discrimination: "The injured party must be placed, as near as may be, in the situation he would have occupied if the wrong had not been committed.  " Discretion does not extend to withholding remedies necessary to make a victim "whole."  The statues authorize courts to order "reinstatement or hiring."  As they are necessary to "make whole" victims of discrimination, judicial discretion to withhold a hiring order is severely limited.  Courts will not order a current employee bumped from a position.  <u>In determining when a pay distinction violates Title VII, courts look to analysis developed under the Equal Pay Act</u>.

*"Compensation" includes all compensatory benefits such as bonuses, insurance, vacations, sick, leave, clothing allowances, and transportation.  It reaches employer sponsored retirement and pension plans even though the benefits are not paid until after the employment relationship is terminated and are made by underwriters distinct from the employer.  Arizona Governing Comm. V.  Norris (S.Ct.  1983).  Plaintiff claims for relief under Title VII, Civil Rights Act of 1991, Intentional.

*Plaintiff claims to be entitled to **Compensatory/Punitive Damages/Liquidated Damages and any other Relief, that this court deems appropriate:** Remedies/Remedial Seniority, Back Pay liability: such as gross salary, sick and vacation pay, health and Pension benefits that would have accrued, bonuses, stock options, cost of living adjustments, and wage increases uniformly granted or reasonably expected, and interest on unpaid back wages. Front Pay in lieu of reinstatement for lack of remedy to hire or re-employ.

***Compensatory Damages** are claimed for by the Plaintiff for often imprecise Injuries such as emotional distress, which the Plaintiff is currently taken medications for. Inconveniences that deprived Plaintiff from social interactions such as, time and time restraints from work, family and friends. Loss of enjoyment of life, Loss of market power, and hinder social amenities. Lack of social interactions with family and friends due to insufficient networking funds. Injury to reputation and/or professional standing in commerce and other employment. Loss of credit rating due to lack of financial gain in society and work force, Loss of prospective Merchant status and ideas as an Incorporated self owned business, Lack of spending power and/or market power all, which was deprived from Plaintiff's professional status in the work force by Defendant. Medical expenses, and aggravation of pre-existing physical and emotional conditions. Plaintiff will provide medical records to support medical conditions.

\***Punitive Damages** are claimed for by the Plaintiff; punitive damages are available under Title VII, Civil Rights Act of 1991 (Intentional) <u>Punitive damages are designed to punish wrongdoing and to deter future illegal conduct</u>. "<u>Punitive damages are limited to case in which the employer has engaged in intentional discrimination and has done so with malice or with a reckless indifference to the federally protected rights of an aggrieved individual</u>." <u>Kolstad v. American Dental Assoc</u>. (S.Ct. 1999). <u>Punitive damages can only be used to punish behavior that bears a relationship to the plaintiff.</u>

Defendants cannot be punished simply for being unsavory characters. State Farm Mutual Auto. Ins. Co. v. Campbell (S.Ct. 2003).

\*Plaintiff is entitled to punitive damages because the Defendant authorized and entertained the illegal act by "**Turning a deaf ear to repeated complaints**" <u>warrants punitive damages. Waslsh v. National Computer Systems, Inc. (8th Cir. 2003)</u>. Plaintiff claims that Defendant was represented by authorized counsel, and **Actions taken on advice of counsel usually preclude punitive damages. Farias v. Instructional Systems (2d Cir. 2001)**.

**\*Remedial Seniority,** Plaintiff claims for relief regarding his Seniority status from the date of the illegal discrimination to the date of judgment. Plaintiff request for "Complete Relief ", for seniority that Plaintiff would have earned had it not been for the employer's illegal actions. Franks v. Bowman Transp. Co. (S.Ct. 1976) read the "**make whole**" mandate to require an award of artificial, remedial seniority running from the date of the illegal discrimination, even through the grant to the victim would dilute the contractual seniority rights of innocent incumbent employees. "**Complete relief**" for victims required that they receive the seniority they would have earned had it not been for the employer's illegal act. Plaintiff will settle for monetary remedies as reinstatement to include future loss wages.

**\*Back Pay,** Plaintiff request and is entitled to back pay and interest on unpaid back pay for intentional discrimination as Equitable Relief. Back pay liability shall not accrue from a date more than two years prior to filing a charge of discrimination with the EEOC. 42 U.S.C.A. 2000e-5(g). The court will calculate the total amount of wages and benefits owned to the Plaintiff which he would have earned from the date of discrimination to the date of judgment. **Liability** for back pay is both joint and several among Defendants. Thus, where a union and employer are found liable, there is no right of contribution between them. Northwest Airlines, Inc. v. Transport Workers Union (S.Ct. 1981).

*<u>**Interest**</u> <u>on unpaid back wages is added to the award</u>. <u>The speculative amount of</u> <u>back pay award is no basis to deny interest</u>. Barbour v. Merrill <u>(D.C. Cir. 1995)</u>. <u>If recovery is sought for emotional distress plaintiff must specify how the alleged</u> <u>distress manifested itself, and demonstrate a causal connection between the</u> <u>violation and the distress</u>. <u>While medical evidence is preferred, plaintiff's own</u> <u>testimony as to the manifestations of her distress can support a damage claim</u>. Bryant v. Aiken Regional.

*<u>**Front Pay,**</u> Plaintiff claims to be entitled to front pay relief for lost compensation and future losses for inconveniences, to restore Plaintiff's Health and Welfare for the inconveniences during the period between judgment and reinstatement or in lieu of reinstatement. Pollard v. E.I. duPont de Nemours & Co. (S.Ct. 2001), observed: <u>[F]ront pay is simply money awarded for lost compensation during the</u> <u>period between judgment and reinstatement or in lieu of reinstatement</u>. For instance, when an appropriate position for the plaintiff is not immediately available without displacing an incumbent employee or is not viable because of continuing hostility between the employer or its workers, or <u>because of psychological injuries</u> <u>suffered by the plaintiff as a result of the discrimination</u>, courts have ordered front pay as a substitute for reinstatement. <u>As front pay is equitable relief, as opposed to</u> <u>legal damages, the statutory caps placed on damages do not apply to front pay</u>. Thus, <u>the statutes do not limit the amount of front pay nor do amounts awarded as</u> <u>Front pay count toward the statutory maximum set for damage recovery</u>. Pollard v. E.I.Dupont de Nemours & Co., supra (S.Ct. 2001).

**Front pay may be made in the form of a lump sum that attempts to forecast future lost wages reduced to current value. That the amount is speculative is not grounds for denial. Suggs v. Service Master Educ. Food Management (6th Cir. 1996)**. Thus, where a union and employer are found liable, there is no right of contribution between them. Northwest Airlines, Inc. v. Transport Workers Union (S.Ct. 1981). Rather, the court will order "**Front Pay**" in lieu of reinstatement and require Defendant to hire the Plaintiff into the first available appropriate vacancy.

*As an amendment to Fair Labor Standards Act, The Equal Pay Act incorporates the remedies of that Act. Illegal pay differences are collectable as unpaid back wages. A prevailing plaintiff is entitled to an additional amount equal to back wages as liquidated damages The "Make Whole" Directive pay award is no basis to deny interest. Barbour v. Merrill (D.C. Cir. 1995). If recovery is sought for emotional distress plaintiff must specify how the alleged distress manifested itself, and demonstrate a causal connection between the violation and the distress. While medical evidence is preferred, plaintiff's own testimony as to the manifestations of her distress can support a damage claim. Bryant v. Aiken Regional Medical Centers, Inc. (4th Cir. 2003), (frequent headaches, insomnia, nausea, anger). Plaintiff must attribute the malice or recklessly indifferent conduct to a defined "employer" **by the application of common law rules of agency.**

30

Front and back wage awards and interest are equitable remedies, and are not counted toward the maximum allowable damages. Pollard v. E.I. duPont de Nemours & Co., supra (S.Ct. 2001).

**Liquidated Damages: <u>Equal Pay Act</u> and Family and Medical Leave Act.**

A successful Plaintiff under The Equal Pay Act is entitled to an additional amount equal to Defendant's **back wage liability.** Trail courts have the discretion to reduce all or part of the liquidated damages, not the unpaid back wages, if the employer proves that it acted in good faith without discriminatory intent and did so with reasonable grounds for believing that its action was unlawful.

*Attorney's Fees and Cost, to be a prevailing party Plaintiff must secure a favorable judgment on the merits or secure a court approved consent decree. A Plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the Defendant's behavior in a way that directly benefits the Plaintiff. Texas State Teachers Ass'n v. Garland Independent School Dist. (S.Ct. 1989).

*It is sex discrimination to impose different qualifications or performances standard on men and women. Supra, 8.01 and 14.01.

31

*Plaintiff claims that Fringed and Tangible Benefits ("Quid Pro Quo") was denied. Burlington Industries, Inc. v. Elerth (S. Ct. 1998).

Plaintiff claims that Benefits and wages and/or compensation, are hindered due to Defendant's adoptive system to disadvantage his protected class and activities, and that it involves misconduct, obstruction of justice, Fraud/Defraud, and other possible claims to be alleged. Defendant makes it inequitable for Plaintiff to demand strict compliance with time limits, as where Defendant lulled the charging party into failing to make a timely charge, for example remedies/relief, a charge to the Department of Labor, where the Defendant unlawfully mislead the local union, DCOHR, EEOC, and Plaintiff as to the circumstances of the decision, or where Defendant's attorney has provided misleading advice to Plaintiff, Local Union #2094, DCOHR, EEOC. Equitable Estoppel / Estoppel. Coke v. General Adjustment Bureau, Inc. (5th Cir. 1981). A time period may be tolled for periods when Plaintiff suffers from obstruction of justice or unlawful incompetence or for delay resulting from erroneous advice from courts or enforcement agencies. Canales v. Sullivan (2d Cir. 1991).

*A unions refusal to process a grievance because discrimination charge was pending with an enforcement agency is unlawful Retaliation. Johnson v. Palma (2d Cir. 1991).

32

\* Liability must be considered applicable. These require not only cause-in-fact, but "legal" or "proximate" cause as well, the latter involving a policy rather than a purely factual determination: "whether the conduct has been so significant and important a cause that the Defendant should be held responsible." Brandenburg, 859 F.2d at 1189 (quoting Prosser and Keeton, Torts, e42 at 272 (5th ed. 1984). See also Reynolds v. East Dyer Development Co., 882 F.2d 1249, 1253 (7th Cir. 1989).

\* The federal courts of appeal have explained that this standard "takes into consideration such factors as the foreseeable of particular injury, the intervention of other independent causes, and the factual directness of the casual connection." Brandenburg v. Seidel, 859 F.2d 1179, 1189 (4th Cir. 1988). In essence, the predicate acts "proximately cause a plaintiff's injury if they are a substantial factor in the sequence of responsible causation, and if the injury is reasonably foreseeable or anticipated as a natural consequence." Hecth v. Commerce Clearing House, Inc., 897 F.2d 21, 24 (2nd Cir. 1990). Where Plaintiff alleges each element of violation, the compensable injury necessarily is the harm caused by predicated acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise. Any Recoverable damages occurring by reason of a violation of e1962 (c) will flow from the commission of the predicate acts.

*It is unlawful for an employer to retaliate against an employee because he opposed compensation discrimination under any of the EEOC statutes or participated in complaint proceedings. Although the EPA does not specify that retaliation based on "opposition" is unlawful, employees are protected against retaliation for making either formal or informal pay distinctions about unequal compensation. Compensatory and punitive damages are available for retaliation claims brought under the EPA. Compensatory and punitive damages for retaliation obtained under the EPA are not subject to statutory caps because the EPA, borrowed there remedies provision for retaliation from the Fair Labor Standards Act, which contains no provision capping compensatory or punitive damages for retaliation. Bureau of Labor Statistics, Department of Labor, Usual Weekly Earnings Summary, Table 1 (July 2000). President's Council of Economics Advisers, Explaining Trends in the Gender Wage Gap (June 1998). President's Council of Economics Advisers, Opportunities and Gender Pay Equity in New Economy Occupations (May 2000). Lindale v. Tokheim Corp., 145 F. 3d 953, 958 (7th Cir. 1998). The EPA specifically provides that no labor organization "shall cause or attempt to cause" a covered employer to violate the statute. Title 29U.S.C. 206 (d) (2).

## Response to Defendant's Motion to Dismiss

Plaintiff believes that in any event to conspire against his Constitutional rights and laws of the United States, thus to obstruct the integrity employment and/or justice will render this matter Unconstitutional. Tile 18 § 241. Conspiracy against rights constitutes an Act of Congress, to intervene, concerning the District of Columbia, rules, regulations, and laws. Therefore, this matter manifests to be of the publics interest, and any claim to barred must be void.

### Plaintiff's Motion in Opposition to Dismiss Consolidated Amended Complaint

1. In response to Defendant's "Facts."

Defendant have not proven to Plaintiff of any such standards and/or policies that require authorization to perform the claimed actions supposedly, conducted outside the boundaries of his job responsibilities. Furthermore, Plaintiff claims that any and all of the actions conducted by him can be supported by hospital compliance standards and that they are with the boundaries of his job responsibilities to include with in the standards and/or policies of Howard University Hospital, and that it can be proven by Howard University Hospital, standards and guidelines. Plaintiff claims that Defendant conspirators conjured up this petty indignity to support their means of retaliatory discharge to justify their removing of Plaintiff from their exclusive establishment of unlawful employment practices. Therefore this matter should not be dismissed.

2. In response to Defendant's 2nd argument.

Defendant talks of Wrongful Termination is barred, reading from count 1 is false, Count 1, proposed from Plaintiff's Consolidated Amended Complaint, speaks of Discrimination (sex), under Title VII Civil Rights Act of 1964., not Wrongful Termination Considering Defendant's statements please read the following for lack confusion and/or argument. Plaintiff claims that he was removed from the premises of Howard University Hospital by Defendant's conspirator on the stated date informed on the letter of termination, however Plaintiff's actions to arbitrate have been placed at a disadvantage to pursue, because of Defendant's unlawful employment practices to conspire against his rights. Plaintiff claims that any grievance at that time would render fruitless actions and/or constructive discharge for harassment due to prior experiences. However, alternatively Plaintiff participated with State and Federal enforcement agencies as a covered protected right for existing pending similar complaints, such as discrimination, retaliation, and now harassment, which was a protected activity owned to him by State and Federal enforcement agencies from prior participating activities. Plaintiff believed that he need not file grievance due to prior pending unlawful claimed violations. Therefore, Defendant's claim of exhausting administrative remedies are false. Furthermore, Plaintiff Claims that retaliatory termination is part of Defendant's adopted system was used to disadvantage his employment rights and manipulative to pursue Federally protected rights as well as rights secured to him by the equal protection of the Constitution and laws of the United States.

Plaintiff claims that the adopted arbitration process provided there local labor

organization is used as a passive instrument to scheme to conspire against his

employment rights and rights of the equal protection of Constitutional rights

and laws of the United States, as noted in the Consolidated Amended Complaint.

   3. In response to Defendant's 3rd argument.

Plaintiff claims that count 2, regards Retaliation, under Title VII Civil Rights Act of

1964. from his Consolidate Amended Complaint, and that it is not a claim of Defamation

Defendant talks of Defamation, which is in response to Plaintiff's count 5, Retaliatory

Discharge from my understanding. In any case for lack confusion and/or argument

Plaintiff refers to defamation as a character of disparate treatment born from adverse

Personnel actions. Plaintiff claims that the defamation characteristic was a form of petty

indignity suffered and/or endured by him as adverse actions from Defendant, in the event

of existing acts of reprisal and/or retaliation. Therefore, counts 2 and 5, should not be

dismissed.

   4. In response to Defendant's 4th argument.

Defendant, is fully aware of Plaintiff's position involving the participation of Plaintiff's

Protected activities. Plaintiff claims that he and Defendant were both participates in State

and Federal enforcement Title VII Civil Rights Act of 1964. enforcement regarding sex

based pay discrimination and retaliation of such pay differences. Defendant participated

as the Respondent and Plaintiff the Compliant. 1st Plaintiff stated that he was engaged in a protected activity conducted by DCOHR and U.S. EEOC, enforced by State and Federal Agencies. 2nd Plaintiff stated that he was engaged in a protected activity as a male compliant, for discrimination and retaliation which manifested to retaliatory discharge due, to Defendants adopted unlawful employment practices of which subjected Plaintiff to adverse personnel actions. 3rd Plaintiff claimed that the casual connection was because he opposed the Defendant adopted unlawful employment practices that disadvantage him from the enjoyment of the union services and rights. Plaintiff also mentioned obstruction, that was intended to conspire against his rights secured to him by The equal protection of the Constitution and laws of the United States.

    1. In response the Defendant's 5th argument.

Plaintiff claims that Defendant union accomplices breach their fiduciary duties, because they abided and aided the efforts of the Defendant to conspire against the employment rights and privileges of the Plaintiff, because of the corrupt influences, which influenced union representatives to abide and/or aid in the scheme to conspire against rights of the Plaintiff thus, stigmatizing the full potential of future employment for him in the medical market. Plaintiff claims that for those reasons Defendant placed him at a disadvantage to pursue the equal privileges and/or rights secured to him by the Constitution and laws of the United States. Title 29 § 185. Suits by and against Labor Organizations (§301), (a), (b), (c), (d), and (e), provides the U.S. District Court with jurisdiction to enforce; venue,

amount, and citizenship, against labor organizations as an entity and against assets and

not individual and their assets. Defendant's Title 29, statutory reference is confusing and

difficult for Plaintiff to comprehend without a clearer understanding and/or interpretation

of Title 29, U.S.C. statutes. Plaintiff claims that Defendant and labor organization are

coherently involved in contract conspiracies, racketeering activities, in

combination to conspire in trust to violate antitrust statutes, monopolies to monopolize

employees compensations for medical services in the medical market, thus placing

restraint on trade and conducted in the territory of the Washington District of Columbia

area. Plaintiff believes that the above claimed unlawful activities are not the findings,

purpose, and policies intended by Congress and/or of the Congressional Declaration, and

that his rights are protected under Title 29 U.S.C. §§ 141-144 Labor Management

Relations Act, under Title 29 U.S.C. §§ 401- 531 Labor-Management Reporting and

Disclosure Procedure Act of 1959, under Title 29 U.S.C. § § 151-168 National Labor

Relations Act, Title, under Title 29 U.S.C. §§171-183 Subchapter III-Conciliation of

Labor Disputes; National Emergencies, under Title 29 U.S.C. §§ 185-187 Subchapter IV-

Liabilities of and Restrictions on Labor and Management, and under [Codified as 38

U.S.C. 4301-4331, as amended. Pub. L. No. 103-353, 108 Stat. 1349.] Uniformed

Services Employment and Reemployment Rights Act. Plaintiff claims that he need not

exhaust the required remedies offered by conspirator of rights under Title 18 § 241, of an

unlawful entity and/or industry that conspires against employment rights under Title 18 §

245. Federally protected activities, in combination to monopolize employment.

Plaintiff claims that Defendant's unlawful employment practices are repudiation to the propose protected activities of the Plaintiff and Title 29 U.S.C., Title 18 U.S.C.A., Civil Rights Acts, Antitrust Acts, among other statutes as stated by Plaintiff concerning his claims. Therefore, Plaintiff claims that Defendant and Labor Organization had rendered unfair labor practices on him as a conspiracy against rights and that they are liable. Labor organization is liable for unfair labor activities, under Title 29 § 206 (d)(2), for violation of abiding and/or aiding in a conspiracy to violate Title VII Civil Right Act of 1964, employer discrimination(sex), as claimed by Plaintiff in his Consolidated Amended Complaint, for violations of their fiduciary duties under Title 29 §§ 501 (a), (b), and (c), § 524a. (§ 2201),§ 411. (§101)(a)(1), (3)(a)(b), (4)(5), § 412. § 413. § 414. §415. § 439. (a)(b)(c)(d), § 461. (§301)(a)(b)(c)(d)(e), § 462. § 463. (§303)(a)(b) and Defendant is liable under Title §§ 158. (§ 8)(a)(1)(2)(3), (b)(1)(B)(2)(c)(d)(e),§ 401. (§2)(a),(b), (c) Jurisdiction provided by U.S. District Courts as indicated from above.

1. In response to Defendant's arguments VI and VII.

Please refer to Plaintiff's Memorandum of Opposition Counts 6 and 7.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 22, 2006, a copy of the Memorandum

of Opposition was foregoing by certified mail to:

Timothy F. McCormack, Esq.
BALLARD SPAHR ADREWS & INGERSOL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202-3268

From: Rossi M. Potts
14124 Bishop Claggett Ct.
Upper Marlboro MD. 20772
(301) 574-2541

/s/
_____
Rossi M. Potts

41

EEOC Form 161 (3/98)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Ross! M. Potts**<br>14124 Bishop Claggett Court<br>Upper Marlboro, MD 20772 | From: **Washington DC Field Office**<br>1801 L Street, N.W., Suite 100<br>Washington, DC 20507 |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **10C-2000-00048** | **David Gonzalez,**<br>**State & Local Coordinator** | **(202) 419-0714** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

AUG 1 8 2004

Enclosure(s)

**Dana Hutter,**
**Acting Director**

*(Date Mailed)*

cc:

**HOWARD UNIVERSITY HOSPITAL**
2400 6th Street, N.W.
Washington, DC 20059

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Rossi Potts**
14124 Bishop Claggette Ct
Upper Marlboro, MD 20772

From: **Washington Field Office**
1801 L Street, N.W.
Suite 100
Washington, DC 20507

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2002-00161 | **David Gonzalez, State & Local Coordinator** | **(202) 419-0714** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Dana R Hutter*

**Dana Hutter,
Acting Director**

APR 1  2005

(Date Mailed)

Enclosure(s)

cc: **Norma B. Leftwich
HOWARD UNIVERSITY HOSPITAL**
2400 6th Street, N W
Suite 320
Washington, DC 20060

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


**ROSSI M. POTTS**
**14124 Bishop Claggett Court**
**Upper Marlboro, MD. 20772**

        **Plaintiff,**

**v.**

**HOWARD UNIVERSITY**
**2041 Georgia Avenue, N.W.**
**Washington, DC 20060**

        **Defendant,**

      **(Consolidated)**
      **Civil Action Numbers**  **1:04-CV-1865**
      **Judges: RMU/DAR**     **1:04-CV-2103**
                       **1:05-CV-1317**
                       **1:05-CV-1929**

---

### Order of Demands

Upon consideration of this court regarding Plaintiff's Memorandum of Opposition

To not dismiss his Consolidated Amended Complaint and for good cause thereof

Have been shown on this day 23rd May, 2006, to the United States District Court for the

District of Columbia,

1. Ordered that the Plaintiff's Consolidated Amended Complaint not be dismissed.

2. Ordered that relief, remedies, and damages be granted according to the laws,

    under Title 28 §§1357, 2461, 2201, 2202, pursued to rule 57.

1

3. Ordered that a civil investigated demand be conducted by the Department of Justice with the cooperation of other U.S. departments and agencies, under Title 28 §§ 515, 1361, 1337, 1345, 1366, 2403.

4. Order that the United States may proceed as the Plaintiff, pursued to rule 24. (a)(1). Under Title 28 §§ 2403, 2412, 2413, 2415, 1345, §530D.

5. Order that transfer to cure want of jurisdiction, under Title 28 §§1631, 1652, 1658(a)(b)(1)(2), §1404§ 2283, 2284.

6. Order that declaration of rights be heard, before pursued to rule 57, to exercising a right to creation as remedy pursuant to Title 28 §§ 2201, 3101.

_____
**Magistrate Judge Deborah Robinson**

Rossi M. Potts
14124 Bishop Claggett Ct.
Upper Marlboro MD. 20772

Timothy F. McCormack, Esq.
Jennifer E. Keyser, Esq.
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 E Lombard Street 18th Floor
Baltimore MD. 21202

2