UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JAN 3 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ROSSI M. POTTS
14124 Bishop Claggett Court
Upper Marlboro, MD. 20772

   Plaintiff,

v.

(Consolidated)
Civil Action Numbers     **1:04-CV-1856**
Judges: RMD/DAR          **1:04-CV-2103**
                         **1:05-CV-1317**
                         **1:05-CV-1929**

HOWARD UNIVERSITY HOSPITAL/
HOWARD UNIVERSITY
2041 Georgia Avenue, N.W.
Washington, DC 20060

   Defendant,

---

## PARTIES

1. The Plaintiff is a Pro Se litigant residing at 14124 Bishop Claggett Court Upper Marlboro, Maryland 20772. Rossi M. Potts was a former employee at Howard University Hospital in the establishment of the Cardiovascular Disease Division.

2. The Defendant Howard University/Howard University Hospital is the opposing party residing at 2041 Georgia Avenue, NW. Washington, D.C. 20060.



LET THIS BE FILED
DATE: 3/7/08
JUDGE RICARDO M. URBINA

1

**Special Motion**

Pursuant, <u>Mandate/Judgment from the United States Court of Appeals for the District of Columbia Circuit, Case number 07-7015</u>, as it pertains to a Case in Law and Equity Pursuant, United States Constitutional Article III § 1 and United States Constitutional Article III § 2 clauses [1], [2] and [3], as it pertains to Rossi M. Potts v. Howard University Hospital in the Case, Cases, claim, claims, plead, and/or pleadings of the nature and cause of the accusations against them pursuant, the United States Constitutional Amendment VI as it pertains to the litigations made against Howard University Hospital. Pursuant, the United States Constitutional Amendment VII, the claimed litigations are requested to be set for trial in accordance to Federal Rule 38(a) of Civil Procedure unless other wise directed by this District Court. The Case of Rossi M. Potts v. Howard University Hospital had been remanded to the District Court for the District of Columbia pursuant, <u>issues of discrimination, retaliation, and wrongful termination</u>. Therefore, Rossi M. Potts request for a <u>Conference given that this District Court has Jurisdiction; that being the United States District Court for the District of Columbia</u> as it pertains to the issues that had been remanded by Mandate on January 11, 2008 from the United States Court of Appeals for the District of Columbia Circuit. Therefore, Rossi M. Potts request that the above <u>issues be narrowed</u> for discovery, pre-trial, trial, and/or Settlement and finally Rossi M. Potts request that a <u>Scheduling Order be expedited</u> to resolve the Mandate's remanded issues in the United States District Court for the District of Columbia.

2

## CERTIFICATE

I Rossi M. Potts hereby certify that on this 31st day of January, 2008 that a copy consisting of two pages of the forgoing special motion and a two page copy of the mandate was sent to the United States District Court for the District of Columbia thus, requesting for a Conference and Scheduling Order pursuant a Mandate issued on January 11, 2008 from the United States Court of Appeals for the District of Columbia Circuit, Case number 07-7015 as it pertains to issues of discrimination, retaliation, and wrongful termination. Therefore, this Certificate was mailed certified to Howard University Hospital legal counsel thus, given them fair notice and fair warning of Rossi M. Potts the Plaintiff, Pro Se litigant's legal interest:

> Timothy F. McCormack, Esq. & Jennifer E. Keyser, Esq.
> Ballard Spahr Andrews & Ingersoll, LLP
> 300 East Lombard Street, 18th Floor
> Baltimore, Maryland 21202-3268

_____
Plaintiff, Pro Se, Litigant
Rossi M. Potts
14124 Bishop Claggett Ct.
Upper Marlboro, Maryland 20772
(301) 574-2541

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-7015**  **September Term, 2007**

04cv01856



Rossi M. Potts,
   Appellant

v.

Howard University Hospital,
   Appellee

MANDATE
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 1/17/08
BY: [signature], Deputy Clerk
ATTACHED: ___ Amending Order
           ___ Opinion
           ___ Order on Costs

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED DEC 7 2007
CLERK

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Sentelle, Randolph, and Brown, Circuit Judges

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order, filed January 4, 2007, granting defendant's motion to dismiss be affirmed in part and reversed in part.

The court properly dismissed the intentional breach of contract claim because the Collective Bargaining Agreement upon which this claim was based unambiguously precluded such a claim. Cf. One-O-One Enterprises, Inc. v. Caruso, 848 F.2d 1283, 1286 (D.C. Cir. 1988) (failure to state a claim for breach of contract where contract clearly precluded such a claim). In addition, because appellant did not name the Union as a defendant and because some of his unsupported allegations on this claim appear to be directed at the Union, those claims were properly dismissed as well for lack of an indispensable party. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 788 (D.C. Cir. 1983). The court also properly dismissed appellant's antitrust claim. Cf. Okusami v. Psychiatric Institute of Washington, Inc., 959 F.2d 1062 (D.C. Cir. 1992) (discussing failure to state an antitrust claim). Nor did appellant plead sufficient facts to support a claim of fraud. Cf. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1278 (D.C. Cir. 1994) (failure to plead fraud with particularity). Lastly, the court properly dismissed the claim pursuant to the Racketeer Influenced Corrupt Organization (RICO). Cf.

United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-7015**                                          **September Term, 2007**

<u>Confederate Memorial Ass'n, Inc. v. Hines</u>, 995 F.2d 295 (D.C. Cir. 1992) (discussing failure to state RICO claim).  Because the district court properly dismissed these claims, they are affirmed.

    The district court determined "on the face of the complaint" that appellant acted outside of the statute of limitations in filing his Title VII/D.C. Human Rights Act claims, citing 42 U.S.C. § 2000e-5(e)(1) and D.C. Code § 2-1403.04(a), and dismissed those three claims on that basis.  But it was not clear from the face of the complaint that appellant in fact acted outside the relevant statute of limitations relative to his sex discrimination, retaliation, and wrongful termination claims.  See <u>Smith-Haynie v. District of Columbia</u>, 155 F.3d 575, 577-78 (D.C. Cir. 1998) (courts are hesitant to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint).  Nor does it appear those three claims should have been dismissed for failure to state a claim upon which relief can be granted: "Because racial discrimination in employment is a claim upon which relief can be granted, . . . . 'I was turned down for a job because of my race' is all a complaint has to state to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (quoting <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998)).

    Accordingly, the sex discrimination, retaliation, and wrongful termination claims are hereby remanded to the district court for reconsideration in light of this order.

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>Per Curiam</u>